Day, J.
 

 Relief is sought after term in this cause by virtue of Section 11580, General Code, which provides:
 

 “When, with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than the second term after the discovery,” etc.
 

 The gist of the claim of the plaintiff in error is that Tremayne gave false testimony, which, with reasonable diligence, could not be discovered until after the term at which the trial took place; that this false testimony was the cause of Mason losing his law-suit.
 

 In order to avail himself of the same as a ground
 
 *401
 
 for a new trial, under Section 11631, General Code, certain elements must be found to exist, paragraph 10 of that section providing:
 

 “When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted.”
 

 It will be noted that this false testimony must be such that ordinary prudence could not have anticipated or guarded against
 
 it;
 
 and, second, that the guilty party must have been convicted. The alleged false testimony relates to the purchase of stock by Tremayne from J. J. Feicht, the president of the company, and the bill of exceptions discloses many references to the purchase by Tremayne from Feicht of the stock in question. And the record further shows that the said J. J. Feicht was on the stand and could have been asked questions concerning many of the things upon which the plaintiff in error now relies as being newly discovered evidence. This was a subject of discussion before the court of common pleas and it was the opinion of the trial court that heard the application for a new trial after term that the testimony of the defendant as given at the trial was not such a variance from the truth as to justify the court in opening up the case. It would therefore seem that this testimony on the part of Tremayne might have been attacked as false, and the claimed true condition of affairs unearthed at the original trial, and therefore the alleged new
 
 *402
 
 grounds do not bear the impress of newly discovered evidence within the exception of Section 11578, General Code, and the meaning and interpretation to be given Section 11580, General Code. However, in order to secure a new trial after term, under Section 11631, upon the ground of false testimony of the successful party or any witness in his behalf, the person so testifying falsely must have been convicted. This record fails to show any conviction in the premises, and the language of the General Code forbids relief until such showing is made. In denying this relief after judgment, upon the ground of newly discovered evidence of false testimony of the prevailing party, the court of common pleas and the Court of Appeals were right, and the judgment herein should be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.