### MINETTI v EINHORN

Ohio Appeals, 1st Dist, Hamilton Co
No 3537. Decided Jan 13, 1930

Lester B. Butterworth, Cincinnati, for Minetti.

Charles H. Elston, Cincinnati, for Einhorn.

**ROSS, J.**

The controlling question presented by this proceeding is: Was there a ground for vacation of the original judgment alleged and proved? Such ground must be found in **11631 GC**, this not being a proceeding in equity to set aside a void judgment.

The petition filed in the case, purporting to set forth ground for vacation, alleges no ground under the statute. An amended petition was filed after the entry of the of the court suspending the original judgment, which alleged, in addition to the statements of the petition, that the original judgment was obtained through the fraud of Minetti, plaintiff in the original proceeding, in that the plaintiff failed to disclose at the time of taking the so-called "default" judgment that the sale price of the premises involved in the original action was $12,250.00 instead of $10,500, and that if such fact had been testified to, the judgment rendered in the original case could not have been rendered against Einhorn.

It is further alleged that the plaintiff Minetti in the original proceeding offered in evidence a contract which indicated that the sale price of the premises traded was $10,500.00, when in truth and fact said amount was not the correct sale price.

It is further alleged that Einhorn has a valid defense, in that the plaintiff Minetti, in the original proceeding, actually suffered no loss when he traded the property covered by the original contract. The amended petition, giving it full force and effect, as if filed previous to the judgment of the court suspending the original judgment, attempts to bring the grounds for vacation within clause 4 of section **11631 GC**, to-wit: "For fraud practiced by the successful party in obtaining a judgment or order."

The evidence showed that Einhorn, defendant in the original case, failed to carry out his contract with Minetti, to purchose a certain piece of real estate; that, thereafter Minetti traded the property, and it is in evidence that he placed a valuation upon this property greater than that mentioned in the contract of sale with Einhorn. Minetti, however, testifies that the property which he took in trade was of less value than the property which he had contracted to sell to Einhorn, and that he lost the amount he claims, to-wit: $1539.50 in the transaction.

Even granting that the evidence does show that Minetti placed a larger valuation upon the property in making the trade with his vendee than that mentioned in the contract with Einhorn, such evidence is not conclusive of fraud or perjury, in that such valuation may have been the ordinary course followed by a vendor of property in inflating the value of his property to as large an extent as possible. However, giving this testimony the most favorable aspect to the defendant in error, under the decision in the case of **Michael v. American National Bank, 84 Ohio St., 370**, the plaintiff in this instant proceeding, seeking vacation, cannot prevail. The syllabi in that case are:

(Here follows quotation of paragraph 1 and 2 of syllabus.)

While the Michael case was a proceeding in equity to set aside a judgment on the ground of fraud, the case is unquestionably an authority for a proceeding under **11631 GC**. The ground for vacation in the instant proceeding is related to the matter concerning which the judgment in the original proceeding was rendered. As it has been repeatedly said before by courts of this state, if judgments were vacated upon an allegation of perjured testimony, there would be no stability to any judgment, and no end to litigation. While, as has also been said in such cases, an injustice may be suffered by the party seeking vacation, it is more important that the litigation be ended and stability given to judgment than that the grievance of an individual should be redressed. Further, a remedy under paragraph 10 section **11631 GC**, is indicated in **Mason v. Tremayne, 115 Ohio St., 398**.

Counsel for plaintiff in error urges that the court should have submitted the question of the validity of the defense to a jury. It is for the court to determine the existence of the ground and the validity of the defense, and only a prima facie showing of a defense is required. A jury is not demandable on either of these issues after

the court has concluded that there is a ground for vacation and a prima facie defense. The effect of the original judgment may be suspended pending the final adjudication of the case, and if the basic case is of such character as to require the intervention of a jury, then the trial upon the merits should be to a jury, unless waived. **Bulkley v. Greene, 98 Ohio St., 55, 58, 59.**

Thus viewing the case, the judgment of the court of common pleas will be reversed, and as no ground has been alleged in either the petition or the amended petition, bringing the case within the relief provided for in section **11631 GC**, judgment may be entered for plaintiff in error.

Cushing, PJ, and Hamilton, J, concur.