SAMUEL *v.* THE ZANESVILLE BANK & TRUST CO.

(Decided March 21, 1930.)

*Mr. H. E. Buker,* for plaintiff in error.
*Messrs. Pugh & Vandevoort,* for defendant in error.

SHERICK, J. Error is prosecuted to this court from the judgment entered in the trial court. The parties here stand in an order the reverse of that held in the court below. The facts are as follows:

On November 6, 1928, the bank obtained a judgment by confession upon a warrant of attorney, in the sum of $1,039.85, against W. A. Samuel. Thereafter, on the 19th day of November, plaintiff in error Samuel filed a petition in the common pleas court, praying for vacation of the judgment. The court held this petition to be in fact a motion, and ordered Samuel to file therewith his proposed answer. An

answer was thereupon filed, which set forth several defenses.

On consideration of the motion and the proposed answer the trial court held that the answer did not tender a valid defense to the petition, as set forth, and overruled the motion or petition to vacate or suspend the judgment entered. To this action of the court the plaintiff in error excepted, and prosecutes error to this court.

No bill of exceptions was prepared and allowed or filed in this court. The plaintiff in error asserts that such is not necessary, and that there is now before this court his petition or motion to vacate, and his proposed answer, and that that is all that is necessary for this court to consider. In other words, this court is now asked to determine if this proposed answer states a good defense as against the bank's petition, this court to assume that the finding of the common pleas court on the motion takes the place of a demurrer to his proposed answer, and that he (Samuel) does not desire to plead further. We must confess that this form of procedure is unique and previously unknown to this court.

In a consideration of the question raised, and in view of the fact that there is no record of the proceedings had in the trial court upon this hearing on the motion, from which this court might advise itself as to the truth and merit of the defenses offered to be made in the proposed answer, the defenses so offered thereunder are immaterial. The motion and the answer are not evidence, but are only the basis for proof to be offered thereon, to substantiate the valid defenses proposed by the answer to be made to the bank's petition. We are not apprised by the plead-

ings or the transcript of the docket and journal entries as to the evidence offered in support of his motion that there is a good defense to the bank's petition or just cause for suspension of the judgment. In fact, we have no knowledge whether or not any evidence was offered in support thereof.

The question being one of procedure, recourse must be had to the statutes. It is provided in Sections 11631, 11635, 11636 and 11637, General Code, how proceedings of this character shall be conducted. In a consideration of these sections the court, in *Watson* v. *Paine*, 25 Ohio St., 340, held that the first thing to be done by the court is to try and determine if a ground to modify or vacate exists, and to this end, except where a ground to vacate appears affirmatively on the record, the testimony of witnesses must be heard and the question tried and decided by the court as in other cases.

This interpretation of the law and procedure under the statutes noted has been further approved of and adhered to in the case of *Lee* v. *Benedict*, 82 Ohio St., 302, 92 N. E., 492, and in *Bulkley* v. *Greene*, 98 Ohio St., 55, 120 N. E., 216.

In the case of *Lee* v. *Benedict* it was further held: "To enable a reviewing court to properly pass upon alleged errors occurring at the hearing of a motion in the court of common pleas to vacate a judgment of a previous term for irregularity in obtaining such judgment, there should be presented a record including a finding of facts, or a bill of exceptions showing all the evidence given at the hearing." And this is likewise true whether the hearing be upon motion or petition, when filed within term.

There being nothing before this court to show

that the trial court erred, we are not justified in entertaining a presumption that error prejudicial to the rights of the plaintiff in error has intervened, but must conclude that the judgment of the trial court was right, and it will now be affirmed.

*Judgment affirmed.*

LEMERT and ROBERTS, JJ., concur.

ROBERTS, J., of the Seventh Appellate District, sitting by designation in place of HOUCK, J.