The Canton Implement Co. et al. *v.* Rauh.

(Decided October 17, 1930.)

*Messrs. Amerman & Mills,* for plaintiffs in error.
*Mr. Henry W. Harter, Sr.,* for defendant in error.

SHERICK, J. The plaintiffs in error, the Canton Implement Company and others, who were the defendants in the trial court, seek a reversal of a final order entered in that court upon their motion to vacate a judgment previously entered therein against them within the term, and to grant a new trial. The judgment sought to be vacated and set aside was upon confession by virtue of a warranty of attorney attached to a promissory note. No ground for vacation appears affirmatively in the record.

The motion as filed recites that the judgment against them was taken without notice and within the term, and that they, or any of them, are not indebted to Rauh in the amount for which judgment was taken, or for any other amount. This motion was accompanied by their answer proposed to be filed herein. The answer sets forth in substance: First, a general denial. Second, that at the time of the note's execution Rauh was making demand against them and threatening that, unless a note was given him, he would liquidate the defendant company, in which the remaining defendants were interested, and that he agreed that, if the amount was not right, it would be corrected by him. It is then alleged that the amount was not right, and that the company was not indebted to him in the amount for which judgment was taken, and that, upon an account being completed, there will be no amount due the plaintiff. Third, the answer sets up matter which is in the

nature of a counterclaim for the wrongful negotiation of a second note.

From the bill of exceptions filed in this case it is made to appear that the court refused to hear any testimony offered by the plaintiffs in error to substantiate their motion and the proposed defenses appearing in the proffered answer. In this ruling it is claimed that the court erred. This court must admit its inability to understand the full reason of the court in its ruling, and in its refusal to receive such testimony, except that the court says that there is no ground for vacating the judgment.

It is contended by the defendant in error, J. M. Rauh, plaintiff below, that the proposed answer presents no issue or valid reason or defense in law to the petition filed in this case, and that this answer is a mere general denial that anything is due Rauh, and that such is but the pleading of a legal conclusion embodying no matters of fact, and that, as a pleading, it can therefore have no legal effect, and therefore cannot be an answer to the plaintiff's claim and presents no valid defense. As authority for this view, the case of *Knox County Bank of Mt. Vernon* v. *Lloyd's Admrs.*, 18 Ohio St., 353, is advanced. We are unable to agree with Rauh in this, his view.

We are of opinion that the second defense proposed in the answer is something more than a legal conclusion. It is pleaded that Rauh agreed to render an account and to make correction, and that he has not done so, and that the amount of indebtedness, as represented by the note given, is not correct. This seems to us to plead fraud, or at least a wrongful advantage, which Rauh thereafter refused to rectify. The unknown amount of indebtedness at the time of

the note's execution, and the promise of its rectification, under threat of the company's forced liquidation, no doubt induced the execution and delivery of the note, the contract in question.

The *Knox County Bank case* is commented upon in the case of *Moorman* v. *Schmidt,* 69 Ohio St., 328, 337, 69 N. E., 617, and it is therein indicated that, if sufficient facts are pleaded to show that a defense exists, an answer such as the one in this case is more than a conclusion of law.

The case of *Watson* v. *Paine,* 25 Ohio St., 340, correctly states the law applicable to the question presented, and further indicates the procedure in like cases. In that case the court had under consideration Section 534 *et seq.,* of the Code of Civil Procedure, now Sections 11631 to 11637, inclusive, General Code of Ohio, and there, at page 344, the court said:

"When a proceeding by petition or by motion to vacate or modify a judgment is instituted, under Section 535 or 536 [now 11634 and 11635], the first thing to be done by the court, is to try and decide whether or not a 'ground' to vacate or modify exists. Sec. 537 [now 11636]. 'The grounds' referred to in this section are those enumerated in the nine subdivisions of Section 534 [now 11631]. In some cases, the question thus to be tried and decided, can be determined by inspection of the record; in others the testimony of witnesses must be heard. But in all cases, this question must be tried and decided by the judge or judges."

This court in a recent case, *Samuel* v. *Zanesville Bank & Trust Co.,* 34 Ohio App., 439, 171 N. E., 373, considered in part the question now presented to us,

wherein we said: "The motion and the answer are not evidence, but are only the basis for proof to be offered thereon, to substantiate the valid defenses proposed by the answer to be made to the bank's petition." And we believe this remark to be applicable to the present question, feeling as we do that the allegations of the defendants' answer sufficiently plead such facts as bring the defendants under one or more of the grounds enumerated in the ten sub-divisions of Section 11631 of the General Code.

Having determined that a ground existed, which the trial court should have found, it was then its duty to have satisfied itself, from a consideration of the testimony offered, that a meritorious defense did in fact, if true, exist.

It is therefore the holding of this court that the trial court erred in finding that a ground did not exist, and in its refusal to hear the testimony offered. The court of common pleas is therefore reversed, and the cause is remanded with instruction to receive such testimony and it is further ordered that it be by it determined and adjudged whether there is or is not a valid defense to the action, and for such further proceedings as may be necessitated thereby.

*Judgment reversed and cause remanded.*

LEMERT, P. J., concurs.
HOUCK, J., not participating.