## HAYNES v UNITED INSURANCE CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4520. Decided March 19, 1934

Rubenstein & Falk, Cincinnati, for plaintiff in error.

W. Donald Hall, Cincinnati, for defendant in error.

**OPINION**

By ROSS, J.

Sec 9369, GC, provides as follows:

"Any such company, desiring to transact such business in this state by an agent,

shall file with the superintendent of insurance a written instrument, duly signed and sealed, authorizing any agent of the company in this state to acknowledge service of process for and in behalf of the company in this state, and consenting that the service of process, mesne or final, upon any such agent, shall be taken and held to be as valid as if served upon the company according to the laws of this or any other state or government, and waiving all claims or right of error by reason of such acknowledgment of service, and that if it be sued after it ceases to do business in this state, and it has no agent in the county in which suit is brought upon whom service of process can be had, as provided in §9380, GC, service upon it shall be had by the sheriff mailing a copy of the summons or other process, postage prepaid, addressed to it at the place of its principal office located in the state where it was organized, or if it is a foreign insurance company, to it at the place of its principal office in the United States, at least thirty days prior to the date of taking judgment in the suit. The sheriff's return shall show the time and manner of such service."

It appears further that while the attorney for the defendant in error took the stand and testified that the defendant in error had ceased doing business in Ohio at the time of service of summons in this original action, that the defendant in error had as far as the record shows failed completely to comply with the provisions of §655, GC, in which is set forth the manner in which a foreign life insurance company may cease to do business in this state. §655, GC, is, as follows:

"When a life insurance company doing business in this state decides to discontinue its business, the superintendent of insurance upon application of such company or association shall give notice, at its expense, of such intention at least once a week for six weeks in a paper published and of general circulation in the county in which such company or its general agency is located. After such publication the superintendent shall deliver to such company or association its securities held by him, if he is satisfied on an exhibition of its books and papers, and on an examination made by himself or by some competent disinterested person or persons appointed by him, and upon the oath of the president, or principal officer, and the secretary or actuary of such company, that all debts and liabilities due or to become due upon any contract or agreement made with any citizen or resident of the United States are paid and extinguished; but the superintendent from time to time may deliver to such company or association or its assigns any portion of such securities on being satisfied that an equal proportion of the debts and liabilities due or to become due upon any such contract or agreement have been satisfied, if the amount of securities retained by him is not less that twice the amount of the remaining liabilities."

It further appears that John Herbert at the time service was made upon him was the duly licensed agent under the laws of Ohio and designated as such in the license issued at the request of defendant in error, and filed with the County Recorder of Hamilton County. This license was valid until April 1, 1933, was in force at the time of service, and there was no request made by the defendant in error to cancel the same.

The certificate is as follows:

"(To be filed with County Recorder)

### STATE OF OHIO
### DIVISION OF INSURANCE
Certified Copy
Agent's License
Foreign Life Company.

To the United Insurance Company, of Chicago, State of Illinois, having complied with the requirements of the law, and having been authorized by the Superintendent of Insurance of Ohio to transact the business of insurance in this State for a term ending on April 1, next, as specified in its License and in its Certificate of Compliance on file with the Recorder of Hamilton County, Ohio; now, the undersigned, The Superintendent of Insurance of Ohio, being satisfied that Henry G. Herold is worthy of a license in such behalf, hereby licenses such Henry G. Herold, of Cincinnati, County of Hamilton, State of Ohio, as an agent of said Company.

APRIL 1, 1932

This license unless sooner revoked will be in force until midnight, April 1, next after its date.

IN TESTIMONY WHEREOF, Witness my hand and seal at the Division of Insurance, State House, Columbus.

(SEAL)   CHARLES T. WARNER,
The Superintendent of Insurance of Ohio.

I hereby certify under said date and seal, this to be a true copy of the original license bearing even date herewith.

Superintendent of Insurance of Ohio."

This certificate was issued pursuant to the provisions of §9377, GC, which is as follows:.

"No person, company, or corporation, directly or indirectly, shall act as agent for any such company, partnership, or association, either in procuring applications for insurance, taking risks, or in any manner aiding in the transaction of the business of life insurance in this state, until it procures from the superintendent a certficate of authority, which shall be renewable annually, stating that the requirements of this chapter as to such company, partnership or association have been complied with, and setting forth the name of the attorney for such company, partnership or association, a certified copy of which certificate must be filed in the recorder's office of the county where the agency is to be established, and which shall be the authority of such company, partnership, or association, and its agent, to do business in this state."

Sec 9379, GC, provides that:

"All licenses granted by the superintendent of insurance in pursuance of this chapter shall continue in force, unless suspended or revoked, until the first day of April next after the date of their issue."

Secs 9380, 9381 and 9382, GC, provide for the procedure as to designation of agents for service when a foreign insurance company ceases to do business. Even under these statutes, the service in the instant case would have been proper. However, it does not appear as we have hereinbefore stated that the company had, within the provisions of the law, ceased doing business. We construe the term ceasing to do business to mean—according to law and the provisions of the statutes applicable—not simply the abandoning of an office, or the discharge of agents without any withdrawal of their authority through the Ohio Insurance Department. There was no irregularity, which under the provisions of §11631, GC, would justify a suspension of the judgment.

As to the claim that the judgment was secured by perjured testimony, this ground for vacation is not available until after conviction of the witness against whom the charge of perjury is made. Mason v Tremayne, 115 Oh St, 398.

If fraud is relied upon, it must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court, and not related to the matter concerning which the judgment or decree was rendered. **Michael v The American National Bank, 84 Oh St, 370. Minetti v Einhorn, 36 Oh Ap, 310, (8 Abs 508).** No such extrinsic acts constituting fraud appear in the record.

The trial court erred in the application of the statutes noted, and in finding that the defendant in error had ceased to do business. There was no evidence of this. The judgment of vacation will, therefore, be reversed, and there being no evidence sustaining the claim of irregularity, judgment is here rendered for the plaintiff in error; the effect of such final determination being to reinstate the original judgment in her favor, the ultimate extent of the trial court being only to suspend the original judgment. **23 Ohio Jur., 1256, 1257, §1186.**

HAMILTON, PJ, and CUSHING, J, concur.