## OLDROYD et v WILLIS et

Ohio Appeals, 1st Dist, Hamilton Co

No 4638. Decided June 25, 1934

Harry Neal Smith, Cincinnati, for plaintiffs in error.

Coleman Avery, Cincinnati, for defendants in error.

RICHARDS, J, (6th Dist) sitting by designation.

## OPINION

By RICHARDS, J.

The petition was apparently drawn under the provisions of law authorizing the setting aside of a judgment obtained by fraud. §11292, GC, provides in what kind of actions service of summons may be made by publication, and in paragraph 11 of the section provides, among other things, that it may be had in an action "to impeach a judgment or order for fraud." The succeeding section, §11293 GC, reads as follows:

"Before service by publication can be made, an affidavit must be filed that service of summons can not be made within this state on the defendant sought to be served, and that the case is one of those mentioned in the next preceeding section."

The affidavit which was filed in this case to obtain service by publication complies fully and completely with the requirements of the above quoted section.

The trial court in quashing the service of summons manifestly gave critical examination to the language of the petition. It evidently concluded that the averments of

the petition were not sufficient to constitute such a fraud as would justify service of summons by publication. We think that on a motion to quash service of summons by publication in a case of this kind, reference should be had only to the sufficiency of the affidavit for such service. The statutes provide simple and appropriate means for testing the sufficiency of a pleading by motion and demurrer, and it would be injecting a new element into the practice of the law if a defendant who denied the validity of the service upon him by publication could thus assail the sufficiency of the petition, and at the same time not enter his appearance. If he should demur generally to the petition, it would of course enter his appearance, and he cannot be permitted to do indirectly what he is prohibited from doing directly.

In disposing of this case the court is not determining whether the petition does or does not state a cause of action; that can be determined later, in the manner provided by law.

In the judgment of this court, the trial court was in error in quashing the service of summons, and the judgment will be reversed and the cause remanded for further proceedings.

Judgment reversed.

HAMILTON, J, concurs.

### DISSENTING OPINION

By ROSS, J.

The service by publication is predicated entirely upon the affidavit for service by publication. This affidavit is provided for in §11293, GC, which is set forth in the majority opinion in this case. The reference in the affidavit is entirely to paragraph 11 of §11292, GC. This section reads in part as follows:

"Service may be made by publication in any of the following cases:

* * *

11. In an action or proceeding for a new trial or other relief after judgment, or to impeach a judgment or order for fraud, or to obtain an order of satisfaction thereof, when the defendant is not a resident of this state or his place of residence can not be ascertained;"

It has been held that the fraud for which a judgment will be vacated "must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court, and not related to the matter concerning which the judgment or decree was rendered." **Michael v American National Bank, 84 Oh St, 370; Minetti v Einhorn, 36 Oh Ap, 310 (8 Abs 508).**

Now the affidavit states that the instant action is one of those mentioned in the statute. The action is defined by the petition. The affidavit therefore indirectly at least states what the petition contains— what the action is. Reference to the petition so referred to by the affidavit shows that it is not one mentioned in the statute, for the reason that the fraud alleged is not extrinsic to the merits of the case as required by the Michael case.

It is suggested that this defect may be reached by demurrer to the petition. It will be, to say the least, an ironical situation for the defendants who find themselves in court, to learn then after they are in, that the case was not one covered by the statute permitting service by publication, and that therefore, such service should not have been made.

The affidavit is before the court, by its side is the petition, definitely conclusive that the statement in the affidavit is untrue—that the action is not one covered by the statute. Under such circumstances, is a court to close its eyes blindly to this defect in the affidavit merely because in form it conforms to the requirement of the statutes? I can not accede to such a proposition.

It is to me perfectly plain that the instant action is not one in which service by publication can be permitted. Then why sustain such service because of technical form, when the facts show that there is no legal substance to such technical form? I, therefore, dissent from the majority opinion.

While, for the purpose of determining the validity of the affidavit, it becomes necessary to determine from the petition the nature of the action, no direct attack upon the petition results, and it remains in full force, subject to proper address by motion, demurrer or answer.