THOMPSON, APPELLEE, *v.* SAMUEL ET AL., APPELLANTS.
SAMUEL, APPELLANT, *v.* THOMPSON ET AL., APPELLEES.

(Nos. 7746 and 7747—Decided June 22, 1953.)

*Mr. John M. McCaslin* and *Mr. Richard H. Pennington,* for appellee Edward Thompson.
*Mr. Sol Goodman,* for appellant William M. Samuel.

*Per Curiam.* These two appeals on questions of law arise out of the same action in the Common Pleas Court of Hamilton County.

Case No. 7746 is a proceeding to vacate a judgment rendered in such action, based upon a petition filed in the original action more than three years after such judgment, on grounds other than a conviction for perjury involving false testimony. The judgment in the original action was entered on June 7, 1949. The petition to vacate the judgment in such action was filed on October 31, 1952. No conviction for perjury of one testifying was alleged. Such proceeding to vacate was barred by the statute of limitations, which fact appeared in the pleadings, record, and opening statement of counsel seeking such vacation of the judgment. Section 11640, General Code.

There was no error in the judgment of the trial court in such proceeding in rendering judgment for

the defendant therein on the pleadings and the opening statement of counsel. The judgment in case No. 7746 is, therefore, affirmed.

In case No. 7747, an independent action was commenced seeking to vacate the judgment rendered in the original action. The grounds stated in the petition in such independent action to vacate were:

1. Fraud on the plaintiff.
2. False testimony.
3. Unavoidable illness of the trial judge.
4. Death of such trial judge.
5. Mistake and negligence of the *plaintiff's* lawyers in failing to file in due time, according to rule, a motion for new trial.

By virtue of the provisions of Sections 11631 and 11640, General Code, a proceeding to vacate a judgment for fraud must be commenced within two years from entry of such judgment. The judgment attacked was entered on June 7, 1949; the proceeding to vacate was instituted on May 17, 1952. More than two years, therefore, elapsed before the commencement of the proceeding to vacate, so that as to fraud under the statute, this claim was barred.

It is true that an independent suit in equity may be instituted, and that this proceeding was such an independent action.

Considering an action in equity to set aside a judgment for fraud, it is stated in 23 Ohio Jurisprudence, 1274, "Judgments," Section 1216:

"However, the fraud or undue advantage for which a court of equity will set aside a judgment or decree must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered."

Nowhere in the pleadings or opening statement are facts stated showing any fraud other than that claimed to have existed in the gist of the main action. Counsel for the defendant in the principal action, referring thereto, stated: "I claim that the whole case was a fraud—that first case—the whole case was a fraud. It wasn't the truth at all. That is what I intended to say." Manifestly, the fraud charged was not extrinsic to the main action. *Haynes* v. *United Insurance Co.,* 48 Ohio App., 475, 194 N. E., 381.

The second ground for vacation is based on false testimony. This does not constitute a basis for an action under the statute until after conviction of the witness or party claimed to have been guilty of perjury. *Mason* v. *Tremayne,* 115 Ohio St., 398, 154 N. E., 732.

It is clear that the illness of the judge and his death had no effect on the defendant's situation.

It appears from the record before this court that in the original action, a jury rendered a verdict for the plaintiff on May 24, 1949. A motion for a new trial was filed by the defendant in the original action on May 27, 1949, just three days after such verdict. It is evident that such defendant erroneously considered the practice authorized before 1945 as applicable. No judgment at the time of filing the motion had been entered. This court in case No. 7369 (*Thompson* v. *Samuels* [unreported]), decided March 12, 1951, found that such motion for new trial was improperly filed, and that the trial court was without jurisdiction to grant a new trial, and ordered the motion stricken from the files of the trial court, which, under the mandate of this court, was done. This left the original judgment in full force and effect and the actions here considered were instituted to vacate the same.

Rule X of the Common Pleas Court provides in part:

"Within three days following a jury verdict, counsel for the prevailing party shall prepare and submit to opposing counsel for endorsement, and submit to the court, a journal entry of judgment in conformity with the verdict, unless a motion for judgment notwithstanding the verdict has been filed within such time or the court orders the case reserved for future argument or consideration. If no entry is presented to the court within that time, the clerk of court shall then prepare an entry of judgment which shall be approved by the court and ordered journalized."

It is apparent, therefore, that the motion for new trial was filed *on* the day the judgment would normally have been filed or before the time that other contingencies could occur.

Claim is made by the defendant in the original action (plaintiff in the proceeding to vacate the judgment) that counsel for the plaintiff unduly delayed presenting the entry of judgment, thus leading the defendant astray. This contention is untenable, in view of the facts previously stated.

It appears from what is before us that about the time the motion for new trial was erroneously filed and judgment entered, the trial judge became ill and died, and that another judge considered the motion and granted same. Such fortuitous events may not in any way be considered as supporting the position of the party seeking vacation.

The fifth and last claim is, of course, wholly untenable. The plaintiff in the vacation proceeding may not profit therein by his own neglect in the principal action, even though such neglect is based upon an erroneous conception of law. The action of the succes-

sor judge in the principal action in entertaining the invalid motion for new trial and granting same was, as this court previously found, erroneous. The error thus occurring was invited by the defendant in the principal action, and he may not complain of any consequence which was the result of his erroneous action. *Lester* v. *Leuck,* 142 Ohio St., 91, 50 N. E. (2d), 145.

Some claim is made that by reason of the appeal the time for applying the statute of limitations should run from the time the mandate of this court became effective, and that this court should not have reversed the judgment of the trial court. Again, the defendant may not profit by a delay which was the result of his own error.

On no basis alleged in his pleading or statement in the vacation proceeding is the defendant in the principal action entitled to a vacation of the judgment therein.

The action of the trial court in the vacation proceeding which was commenced as an independent action, *i. e.,* No. 7747, is, therefore, sustained, and the judgment in such action is affirmed.

*Judgments affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.