The Glidden Co., Appellee, *v.* Behrens, Appellant.*

(No. 655—Decided October 12, 1953.)

---

*Motion to certify the record overruled, March 23, 1955.

*Messrs. Freeman & Freeman,* for appellee.

*Messrs. Smith & Lehrer* and *Messrs. Tussing & Pisano,* for appellant.

Fess, J. This is an appeal on questions of law from a judgment dismissing a petition of Gertrude F. Behrens and L. Benton Tussing, as guardians of the person and estate of Harold W. Behrens, an incompetent person, to vacate a default judgment entered September 11, 1951, on behalf of the plaintiff against Harold W. Behrens in the sum of $9,620.87. At the outset, it may be observed that the notice of appeal is taken on behalf of the defendant (other than the guardians) from the judgment overruling the motion for a new trial. However, it is obvious that the appeal was intended to have been taken on behalf of the guardians from the judgment dismissing their petition. Cf. *Caswell* v. *Lermann,* 85 Ohio App., 200, 88 N. E. (2d), 405, and authorities therein cited.

The petition to vacate was filed after the term at which the default judgment was entered, but within the time prescribed by Section 2325.10, Revised Code (Section 11640, General Code). The petition sought the vacation on the following grounds:

"1. For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings.

"2. For unavoidable casualty or misfortune, preventing the party from prosecuting and defending."

Accompanying the petition was an answer. For a first defense it was asserted that a predecessor guardian for the incompetent defendant had been duly appointed on December 6, 1950; that such guardian operated the business of the defendant; and that the indebtedness was incurred by such guardian and was the personal and sole responsibility and obligation of such guardian. For a second defense petitioners alleged that their ward was not indebted to the plaintiff on the account referred to in the petition, and that any account or indebtedness of Harold W. Behrens to the plaintiff has been paid.

Proceedings upon the petition to vacate the judgment were not in accord with the provisions of Sections 2325.05 to 2325.07, Revised Code (Sections 11635 to 11637, General Code). To the

petition, the plaintiff filed an answer containing six separate "defenses." To the answer, the defendant filed a motion to strike the third to sixth defenses, which was overruled. The guardians thereupon filed a reply to the answer. At the hearing, presumably upon the issues made by the pleadings, testimony consisting of 64 pages was taken and a number of exhibits were introduced. The evidence related to whether the defendant was a resident of Huron County or Erie County at the time the action was commenced. Resident service was had on the defendant in Huron County, but defendant's then guardian was not made a party to the action. Evidence was also introduced relating to the competency of the defendant, the status of the account, and whether the transactions with the plaintiff were had with the defendant, his guardian or the guardian's agent. Except for the purpose of determining prima facie that there was a valid defense to the original action, this evidence was unnecessarily extraneous. As in *Bellows* v. *Bowlus,* 83 Ohio App., 90, 82 N. E. (2d), 429, the court, on the petition to vacate the judgment, proceeded to hear the issues raised by the answer, determined such issues in favor of the plaintiff and thereby deprived the defendant of a trial by a jury. At the hearing, it appeared that the defendant was committed to the Toledo State Hospital by the Probate Court of Huron County on October 21, 1950; that letters of guardianship for the person and estate of the defendant were issued on December 6, 1950; that the predecessor guardian resigned effective as of January 20, 1951, subject to the filing of a final account; and that the defendant was discharged from the hospital as recovered on February 28, 1951. The final account of the predecessor guardian has been filed but not approved. The guardian, through his agent, made payments from the guardian's account to the plaintiff in substantial amounts from March 7 to April 28, 1951. Letters were issued to the present guardians on February 13, 1952.

Whether the original action was properly brought against the defendant alone, whether service was had upon the defendant, and whether the defendant had incurred the indebtedness upon which judgment was taken, are issues to be determined at the trial of the original action. The evidence received at the

hearing upon the petition to vacate conclusively shows that the petition set forth grounds to vacate the judgment and also clearly presents valid defenses to the action in which the judgment was rendered.

The judgment dismissing the petition to vacate is, therefore, reversed and the cause is remanded with directions to permit the filing of the answer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CONN and DEEDS, JJ., concur.