GLICKSTEIN, Judge.
Appellant/creditor, a Pennsylvania corporation, seeks reversal of a judgment on the pleadings entered by the trial court in favor of appellees/debtors, now Florida residents, *957 based on the application of section 55.05, Florida Statutes (1977).[1]
Appellant’s amended complaint[2] alleged that it was a supplier of building materials to appellees, who were the principals of a corporate builder in Pennsylvania; that it loaned appellees $15,000 in 1967 for which appellees executed and delivered their promissory note; and that when appellees failed to pay the note, appellant obtained a judgment against them in 1971 for the principal and interest. It further alleged that immediately prior to the judgment, appel-lees removed themselves from Pennsylvania to Puerto Rico, where they concealed themselves; and that after being located there by appellant, they removed themselves to Florida where they fraudulently concealed themselves.
Attached to the amended complaint were a copy of the promissory note and an exemplified copy of the docket of the Court of Common Pleas of Allegheny County, Pennsylvania, which established the entry of a cognovit judgment in 1971 by the prothono-tary of that county.[3] After denial of their motion to dismiss, appellees filed their answer, raising the affirmative defense that the “confession judgment” was obtained without personal service upon them and was null and void pursuant to section 55.05.
The trial court entered judgment on the pleadings in their favor based upon the foregoing affirmative defense.
There is no question about the legislature’s intent in the enactment of the present version of section 55.05. The title of Chapter 59-321, Laws of Florida expressly recites in part:
AN ACT amending Section 55.05, Florida Statutes, relating to confession of judgments by extending the coverage of said section to foreign judgments.
The question is whether the legislature can constitutionally eviscerate a foreign cogno-vit judgment by that section. We hold that it cannot and reverse the trial court’s judgment.
Our action is not lightly taken (although our research reveals a dearth of cases in Florida such as the present since 1959 when the foregoing amendment was enacted) because of our duty as recited in A.B.A. Industries v. City of Pinellas Park, 366 So.2d 761, 763 (Fla.1979).
When construing statutes, the courts must assume that the Legislature intended to enact an effective law. Statutes are presumptively valid and constitutional, and will be given effect if possible. All doubts will be resolved in favor of constitutionality. Bonvento v. Bd. of *958 Public Instruction of Palm Beach County, 194 So.2d 605 (Fla.1967). Acts of the Legislature are presumed valid and an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. Knight and Wall Co. v. Bryant, 178 So.2d 5 (Fla.1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966).
Nevertheless, it is our conclusion that the statute, if applied in accordance with its title, (as opposed to a literal application of the body of the act to cases that do not involve foreign judgments), is violative of Art. IV, § 1, United States Constitution.[4] The legislature’s plain intent was in disregard of the supreme court’s constitutional admonition in United Mercantile Agencies v. Bissonnette, 19 So.2d 466, 467 (Fla.1944) which said:
It is held in this jurisdiction that a judgment conclusive in a sister state where rendered is conclusive here, under the “full faith and credit clause” of the Federal Constitution, Art. 4, § 1, and applicable Federal Statutes. The fact that a judgment of a sister state is of a character or in a form which would not be permissible in a domestic judgment is not of itself a valid ground for refusing it recognition. In many states entry of judgments by confession without service of process is permissible. See 31 Am.Jur. pp. 109, 114, Secs. 465, 478. A judgment entered under the laws of a sister state permitting such entry of judgment, therefore, will not be denied enforcement in this jurisdiction merely because by our law the entry of such a judgment by our own courts would be unlawful.
See also Carroll v. Gore, 106 Fla. 582, 143 So. 633 (1932) and Pearson v. Friedman, 112 So.2d 894 (Fla. 3d DCA 1959). It also disregarded a number of governing decisions of the United States Supreme Court rendered prior thereto;[5] and its action is inconsistent *959 with subsequent governing decisions rendered by that court in 1972.[6]
Based upon the decisions of the United States Supreme Court — and in light of the *961 facts of this case which show all of the contacts to be in Pennsylvania[7] and Florida’s apparent sole interest to be that of appellees’ place of financial refuge — we reverse and remand.
DOWNEY and DELL, JJ., concur.

. Section 55.05 provides:
All powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error, heretofore made or to be made hereafter by any person whatsoever within or without this state, before such action brought, shall be absolutely null and void.

. The original complaint was filed in 1977.

. The note provided:
And to secure the payment of said amount we hereby authorize, irrevocably, any attorney of any Court of Record, to appear for us in such Court; in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this Note...
Exhibit C attached to the amended complaint cited “12 Pa.Stat.Ann. Sect. 739. Judgment on note, bond, etc., confessing judgment; Philadelphia County,” to read as follows:
It shall be the duty of the prothonotary of any cout [sic] of record, within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may therein be mentioned, for the fee of one dollar, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing, on which the judgment may be founded, which shall have the same force and effect, as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiffs attorney, when judgment is entered on any instrument or writing as aforesaid.

. Art. IV, § 1 provides:
Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
See also 28 U.S.C.A. § 1738 which implements the full faith and credit clause, providing:
The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. June 25, 1948, c. 646, 62 Stat. 947.

. Morris v. Jones, 329 U.S. 545, 547, 67 S.Ct. 451, 454, 91 L.Ed. 488, 494 (1947) held:
The Full Faith and Credit Clause and the statute which implements it (R.S. § 905, 28 U.S.C. § 687, 28 U.S.C.A. § 687) require the judgments of the courts of one State to be given the same faith and credit in another State as they have by law or usage in the courts of the State rendering them.
Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278, 282 (1940) said:
Where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is of course open to inquiry. Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U.S. 287, 11 S.Ct. 92, 34 L.Ed. 670; Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649. But if the judgment on its face appears to be a “record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.” Adam v. Saenger, supra, 303 U.S. at page 62, 58 S.Ct. at page 456, 82 L.Ed. 649. In such case the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141; Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653. Whatever mistakes of law may underlie the judgment (Cooper v. Reynolds, [77 U.S.] 10 Wall. 308, *959 19 L.Ed. 931) it is “conclusive as to all the media concludendi”. Fauntleroy v. Lum, supra, 210 U.S. at page 237, 28 S.Ct. at page 643, 52 L.Ed. 1039.
In Milwaukee County v. M.E. White Co., 296 U.S. 268, 275-76, 56 S.Ct. 229, 233, 80 L.Ed. 220, 226-27 (1935), the court held:
A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; D’Arcy v. Ketchum, [52 U.S.] 11 How. 165, 13 L.Ed. 648; Tilt v. Kelsey, 207 U.S. 43, 28 S.Ct. 1 [52 L.Ed. 95], or that it has ceased to be obligatory because of payment or other discharge, Anderson v. Clark, 70 Ga. 362; Haggerty v. Amory, 1 Allen (Mass.) 458; First Nat. Bank v. Hahn, 197 Mo.App. 593, 198 S.W. 489; Revere Copper Co. v. Dimock, 90 N.Y. 33, or that it is a cause of action for which the state of the forum has not provided a court, Anglo-American Provision Co. v. Davis Provision Co., 191 U.S. 373, 24 S.Ct. 92, 48 L.Ed. 225; compare Kenney v. Supreme Lodge, 252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638, 10 A.L.R. 716, unless it is compelled to do so by the privileges and immunities clause (Const. Amend. 14, § 1); compare Douglas v. New York, N.H. & HR. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747, McKnett v. St. Louis & S.F. Ry. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227, and Broderick v. Rosner [294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100], supra; or possibly because procured by fraud, compare Christmas v. Russell [72 U.S.], 5 Wall. 290, 18 L.Ed. 475; Maxwell v. Stewart [88 U.S.], 21 Wall. 71, 22 Wall. 77, 22 L.Ed. 564; Hanley v. Donoghue, 116 U.S. 1, 6 S.Ct. 242, 29 L.Ed. 535; Simmons v. Saul, 138 U.S. 439, 11 S.Ct. 369, 34 L.Ed. 1054, with Webster v. Reid [2 U.S.], 11 How. 437, 13 L.Ed. 761; McNitt v. Turner [83 U.S.], 16 Wall. 352, 366, 21 L.Ed. 341; Cole v. Cunningham, 133 U.S. 107, 112, 10 S.Ct. 269, 33 L.Ed. 538.

. In that year, the court had for consideration the constitutionality of cognovit procedures in Ohio and Pennsylvania in two cases, and Justice Blackmun authored both opinions. We first treat the Ohio decision in D.H. Overmeyer Co., Inc., of Ohio v. Frick Company, 405 U.S. 174, 176-78, 184-85, 188, 92 S.Ct. 775, 777-78, 781-83, 31 L.Ed.2d 124, 128-29, 133-36 (1972), because of the overview presented therein. The authoring justice first observed (we reluctantly omit reference to the footnotes but refer the reader thereto):
The cognovit is the ancient legal device by which the debtor consents in advance to the holder’s obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor’s behalf, of an attorney designated by the holder. It was known at least as far back as Blackstone’s time. 3 W. Blackstone, Commentaries *397. In a case applying Ohio law, it was said that the purpose of the cognovit is “to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert.” Hadden v. Rumsey Products, Inc., 196 F.2d 92, 96 (CA 2 1952). And long ago the cognovit method was described by the Chief Justice of New Jersey as “the loosest way of binding a man’s property that ever was devised in any civilized country.” Alderman v. Diament, 7 N.J.L. 197, 198 (1824). Mr. Dickens noted it with obvious disfavor. Pickwick Papers, c. 47. The cog-novit has been the subject of comment, much of it critical.
Statutory treatment varies widely. Some States specifically authorize the cognovit. Others disallow it. Some go so far as to make its employment a misdemeanor. The majority, however, regulate its use and many prohibit the device in small loans and consumer sales.
He then rejected the obligor’s due process argument:
The argument then proceeds to constitutional grounds. It is said that due process requires reasonable notice and an opportunity to be heard, citing Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). It is acknowledged, however, that the question here is in a context of “contract waiver, before suit has been filed, before any dispute has arisen” and “whereby a party gives up in advance his constitutional right to defend any suit by the other, to notice and an opportunity to be heard, no matter what defenses he may have, and to be represented by counsel of his own choice.” In other words, Overmyer’s position here specifically is that it is “unconstitutional to waive in advance the right to present a defense in an action on the note.” It is conceded that in Ohio a court has the power to open the judgment upon a proper showing. Bellows v. Bowlus, 83 Ohio App. 90, 93, 82 N.E.2d 429, 432 (1948). But it is claimed that such a move is discretionary and ordinarily will not be disturbed on appeal, and that it may not prevent execution before the debtor has notice. Griffin v. Griffin, 327 U.S. 220, 231-232, 66 S.Ct. 556, 561-562, 90 L.Ed. 635 (1946). Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), are cited.
*960 The due process rights to notice and hearing prior to a civil judgment are subject to waiver. In National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), the Court observed: “[I]t is settled . .. that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.” Id., at 315-316, 84 S.Ct., at 414.
And in Boddie v. Connecticut, supra, the Court acknowledged that “the hearing required by due process is subject to waiver.” 401 U.S., at 378-79, 91 S.Ct., at 786.
The court held:
We therefore hold that Overmyer, in its execution and delivery to Frick of the second installment note containing the cognovit provision, voluntarily, intelligently, and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences.
In conclusion, Justice Blackmun said:
Some concluding comments are in order:
1. Our holding necessarily means that a cognovit clause is not, per se, violative of Fourteenth Amendment due process. Over-myer could prevail here only if the clause were constitutionally invalid. The facts of this case, as we observed above, are important, and those facts amply demonstrate that a cognovit provision may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack.
2. Our holding, of course, is not controlling precedent for other facts of other cases. For example, where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue.
3. Overmyer, merely because of its execution of the cognovit note, is not rendered defenseless. It concedes that in Ohio the judgment court may vacate its judgment upon a showing of a valid defense and, indeed, Overmyer had a post-judgment hearing in the Ohio court. If there were defenses such as prior payment or mistaken identity, those defenses could be asserted. And there is nothing we see that prevented Overmyer from pursuing its breach-of-contract claim against Frick in a proper forum. Here, again, that is precisely what Overmyer has attempted to do, thus far unsuccessfully, in the Southern District of New York.
The second case, Swarb v. Lennox, 405 U.S. 191, 200-02, 92 S.Ct. 767, 772-73, 31 L.Ed.2d 138, 146-47 (1972), was an appeal by plaintiffs who had brought an action to invalidate the Pennsylvania system leading to confessed judgments. The three-judge district court held that the system complied with due process only if “there has been an understanding and voluntary consent of the debtor in signing the document” and failed to strike down the entire system. It also held, however, that no judgment might be entered after November 1, 1970, as to natural persons earning less than $10,000 who signed “consumer financing or lease contracts containing cognovit provisions.” Because there was no cross-appeal by defendants, the supreme court did not consider or put its imprimatur upon that part of the three-judge decision which enjoined future judgments as to the subject class. However, as to the plaintiffs’ appeal, the court held:
From this judgment only the plaintiffs appeal. Their claim is that the District Court erred in confining the relief it granted to certain members of the appellants’ proffered class and that the court should have declared the Pennsylvania rules and statutes unconstitutional on their face. A holding of facial unconstitutionality, of course, wholly apart from any class consideration, would afford relief to every Pennsylvania cognovit obligor. Today’s decision in Overmyer, although it concerns a corporate and not an individual debtor, is adverse to this contention of the plaintiff-appellants. In Overmyer it is recognized, as the District Court in this case recognized, that, under appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision.
On the plaintiff-appellants’ appeal therefore, the judgment of the District Court must be affirmed.
As in Overmyer, the court made concluding comments:
The decision in Overmyer and the disposition of the present appeal prompt the following observations:
1. In our second concluding comment in Overmyer, supra, 405 U.S., at 188, 92 S.Ct., at 783, we state that the decision is “not controlling precedent for other facts of other cases,” and we refer to contracts of adhesion, to bargaining power disparity, and to the absence of anything received in return for a cognovit provision. When factors of this kind are present, we indicate, “other legal consequences may ensue.” That caveat has possible pertinency for participants in the Pennsylvania system.
2. Overmyer necessarily reveals some discomfiture on our part with respect to the present case. However that may be, the impact and effect of Overmyer upon the Pennsylvania system are not to be delineated in the one-sided appeal in this case and we make no attempt to do so.
3. Problems of this kind are peculiarly appropriate grist for the legislative mill.
We should add that we have attempted to review the cases which reached conclusions opposite to our own, as well as general articles, *961 texts and annotations on the overall subject. Unfortunately, most of the material pre-dates the 1972 decisions of the Supreme Court and we mention them probably more for pedantic than tutorially helpful reasons. For example, in Atlas Credit Corporation v. Ezrine, 250 N.E.2d 474 (N.Y.1969), the court said it would not enforce the Pennsylvania judgment on the theories that a “judgment” entered by a pro-thonotary was really not a judgment entitled to full faith and credit (Swarb appears to put such contention to rest; and in this case all of the parties expressly refer to a confession judgment); and that the warrant of attorney was too broad to be enforceable. See also Hopson, Cognovit Judgments: An Ignored Problem of Due Process and Full Faith and Credit, 29 U.Chi.L.Rev. Ill (1961); Shuchman, Confession of Judgment as a Conflicts of Law Problem, 36 Notre Dame Law. 461 (1961); Ehrenz-weig, Contracts in the Conflict of Laws, 59 Colum.L.Rev. 973 (1959); Paulsen, Enforcing the Money Judgment of a Sister State, 42 Iowa L.Rev. 202 (1957); Ehrenzweig, Conflict of Laws (1959); Leflar, American Conflicts Law (1959); Restatement (Second) of Conflict of Laws § 32 (1971); Annot., 39 A.L.R.2d 1232 (1955).

. The parties were doing all of their business in Pennsylvania where appellant was incorporated. The loan was made; the note was executed and the obligation was to be paid there.