BRENNER, APPELLEE, v. SHORE, D. B. A. C. O. A. T. PAVING, INC., ET AL., APPELLANTS.

(No. 72AP-289—Decided January 23, 1973.)

*Messrs. Maugan, Vacca & Braun,* for appellee.
*Harris, Lias & Strip Co.,* L. P. A., and *Mr. John Wm. Hoppers,* for appellants.

HOLMES, J. This matter involves an appeal of a judgment of the Court of Common Pleas of Franklin County denying the defendant-appellant's motion to vacate a prior

judgment entered on April 20, 1972, in favor of plaintiff, the appellee, and against appellant.

The facts in brief which gave rise to such motion for relief from judgment, and thence to this appeal, are as follows:

The plaintiff, Mr. A. E. Brenner, filed a complaint against the defendant-appellant on February 22, 1972, in the common pleas court, alleging that the plaintiff and the defendant had entered into a written contract for surfacing, grading, and paving certain of the plaintiff's land.

The complaint further alleges that the defendant failed to complete such work as contracted, and that it would be necessary that the plaintiff complete such work, and that the plaintiff would be damaged thereby in the amounts as set forth in such complaint.

Also, the plaintiff alleged in the complaint that the defendant had left certain equipment on the lands of the plaintiff, and that the plaintiff would be entitled to ground rental therefor.

Personal service was had upon the defendant on February 25, 1972. No answer was thereafter filed by the defendant within the prescribed time as established by the civil rules.

A motion for a default judgment was filed by the plaintiff on April 4, 1972, and a hearing was set for April 20, 1972.

By entry dated April 20th, it appears that such a default judgment hearing was conducted by the trial court, and that the court, upon the evidence adduced, entered a judgment for the plaintiff and against the defendant in the amount of $20,190.09.

On July 11, 1972, the defendant filed a motion to vacate the judgment. Such motion was accompanied by a memorandum in support, which memorandum stated that the motion was filed pursuant to Civil R. 60 (B) which in effect provides relief from judgment for the reasons of "(1) mistake, inadvertence, surprise or excusable neglect * * *."

The defendant then set forth in his memorandum that

he had failed to answer the complaint as filed against him because he was undergoing a period of "severe emotional strain as a result of business reverses, and that the said strain culminated in his being hospitalized in June of 1972 for what was diagnosed as 'complete physical and mental collapse.' "

On the date of the filing of such motion for relief from judgment, the defendant filed a tendered answer to the complaint, alleging the following affirmative defenses:

"2. Plaintiff was in breach of the written agreement by failure to make payments agreed under the terms of the contract.

"3. Plaintiff attempted to fraudulently obtain credits against amounts owed on the contract by misrepresentation to the Defendant that claims were made by third parties as a result of Defendant's actions.

"4. Plaintiff made completion of the contract impossible by his actions."

The defendant also filed a sworn affidavit which, in effect, set forth that the defendant, during the period within which he was to answer, was experiencing severe mental and emotional strain and pressure, that he had been hospitalized for such condition in the spring of the year, and that he was recuperating therefrom.

Further, such affidavit stated that the defendant "can make good faith denials to the claims of the plaintiff if allowed to present his defenses."

On August 11, 1972, the trial court entered the following judgment entry:

"After careful consideration of the Memoranda, Affidavit and Exhibits filed herein, the Court finds defendants' Motion to Vacate Judgment not well taken and overrules the same."

The defendant argues that the trial court erred in refusing to grant his motion to vacate the default judgment as previously entered and that the denial of such motion, in light of the defendant's affidavit claiming valid defenses, was an abuse of discretion.

As set forth previously, the applicable Civil Rule per-

tinent to this matter is Civ. R. 60 (B), which, in pertinent part, is as follows:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

Civ. R. 7(B) relating to motions, states in pertinent part: "* * * A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. * * *"

There is no question that the instant motion for relief from judgment was filed within one year from such judgment.

The question then to be answered is whether the trial court followed the correct procedure as provided by case law as well as the rules in considering such motion.

We believe that a review of a number of cases, particularly two as decided by this court, one before the enactment of the Civil Rules and one after, indicates the answer to such question.

In the case of *Canal Winchester Bank* v. *Exline* (1938), 61 Ohio App. 253, we find that this court, then the second district court of appeals, set forth the procedure to suspend a judgment, during the term in which it was taken, in the following language, to be found at page 258 of the opinion:

"If any of the grounds set forth in Section 11631, General Code, are assigned as a reason for the action sought, then it is necessary, first, that the court find that the ground set forth in the motion is well made and further that the provision of Section 11637, General Code, has been met.

With the motion an answer should be tendered for filing. Section 11637, General Code, says that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; that this adjudication is requisite to the suspension of a judgment has been held many times in Ohio. *Follett* v. *Alexander,* 58 Ohio St., 202, 50 N. E., 720; *Lee* v. *Benedict,* 82 Ohio St., 302, 92 N. E., 492; *Watson* v. *Paine,* 25 Ohio St., 340. * * *''

Further, the court in the *Canal Winchester* case spelled out what was needed to be submitted to the trial court in such a procedure, as follows, at page 259 of the opinion:

''Obviously the prerequisites to an adjudication of a valid defense require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment. It is essential that the judge, who is called upon to suspend the judgment, must have enough factual information before him to require determination that the defendant has a valid defense. If the party moving to suspend the judgment can within the rules of pleading set out in his answer sufficient facts to apprise the court that he has a defense, this should be done and the adjudication can be made upon the averments of the answer. If, to set forth enough facts to disclose his defense, he would offend the rules of pleadings by setting them out in his answer, then they should be brought to the attention of the court by evidence orally or by affidavit. * * *''

On the same point, generally, we find the following statement in *Bellows* v. *Bowlus* (1948), 83 Ohio App. 90, 93, 94:

''* * * In other words, under the settled practice in this state, when proceeding either by petition or by motion to vacate a judgment during term, the trial court, upon preliminary hearing, should determine whether the alleged grounds to vacate or modify exist and also if they are sufficient in law to constitute a valid defense. When defendant has made a prima facie showing that he has a defense, he should thereupon tender his answer setting up such defense or obtain leave to file same. *Frazier* v. *Wil-*

*liams,* 24 Ohio St., 625; *Watson* v. *Paine,* 25 Ohio St., 340; *Lee* v. *Benedict,* 82 Ohio St., 302, 92 N. E., 492; *Bulkley* v *Greene,* 98 Ohio St., 55, 120 N. E., 216; *Minetti* v. *Einhorn,* 36 Ohio App., 310, 173 N. E., 243; *Canton Implement Co.* v. *Rauh,* 37 Ohio App., 544, 175 N. E., 230.''

Further enlightenment in such procedures has been set forth in the recent case of *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319, in the following language at pages 322, 323:

"The procedure to be followed, and the requirements upon the movant for relief from judgment, depend to some degree upon the circumstances surrounding the obtaining of the judgment, and the nature of the relief sought.

''* * *

''* * * the existence of a valid defense would not ordinarily, alone, constitute a ground for relief from a judgment where the judgment is entered either by default or following an adversary hearing. Under such circumstances, the defendant would usually have an opportunity to raise the defense, but fail to do so. Accordingly, there would be no grounds for relief from such judgment unless some other ground set forth in Civ. R. 60(B), (*e. g.,* excusable neglect,) would be applicable. * * *''

Although the Civil Rules are silent on the exact procedures to be followed in the instant type of case, we hold that the procedures as outlined in the cited cases are equally as applicable under the Civil Rules as they were under the prior code sections dealing with the vacating of judgments.

Applying the above general case law and Civil Rules to the facts as present in the instant case, we find that the defendant had filed his motion for relief from judgment within one year from the entering of such judgment. Such motion set forth the relief sought by the movant. The memorandum supporting such motion set forth the ground upon which the movant relied for relief from judgment, pursuant to Civ. R. 60(B) (1): *e. g.,* excusable neglect because of "complete physical and mental collapse" during the period within which he had been obligated to respond to the plaintiff's pleading.

Further, the memorandum sets forth that the defendant had a good and valid defense to such action.

The affidavit accompanying such motion and memorandum set forth specific statements in support of the aforementioned ground upon which he sought relief from the prior judgment.

Also, as previously stated, the defendant at the time he filed his motion, memorandum and affidavit, filed, or tendered, an answer to such action.

The plaintiff, in response to the defendant's motion and supporting memorandum and affidavit, filed a memorandum contra, and also submitted a series of letters from the plaintiff to the defendant by way of exhibits. There was no oral testimony taken on the motion.

The court, in review of that which it had before it, denied the motion to vacate.

In the first instance, it is our belief that the defenses set forth by the defendant, if proven, could well be valid defenses to the action. The test to be applied by the trial court to such proffered defenses was set forth by Judge Hornbeck in *Canal Winchester Bank* v. *Exline, supra,* at page 259 of the opinion as follows:

"* * * Unless the defense is a sham, the test which the court should apply to the facts is whether, if true, they state a complete defense in part or in whole to the cause of action set forth in the petition.

"If the facts before the court require the adjudication that the mover has a valid defense to the action upon which the judgment was taken, the court should so find and this should be incorporated in an entry suspending the judgment and the cause then stands on the docket until the issues are tried and determined."

As stated, in addition to a determination by the trial court, at such preliminary hearing, of the validity of the defenses proffered there should then be a determination of the merits of the defendant's claim that relief from judgment should be afforded pursuant to Civ. R. 60(B) (1).

Here, the only evidence the trial court had before it on this subject was the affidavit of the defendant stating, in support of the claimed ground for relief from judgment,

that he had been under severe mental and emotional strain, during such period, and had been placed in the hospital therefor.

If there is no rebuttal evidence on this point, the trial court would necessarily have to accept such statement as true. However, there should be a more complete hearing afforded upon this general question of excusable neglect.

Following the general procedures, if there be a determination that there is validity to the proffered defenses, and a determination that such claim of excusable neglect is meritorious, such judgment should be vacated and a hearing should be set upon the merits thereof.

Such was not done in this case, if we read the record correctly. We believe it to be necessary to afford the defendant a hearing on these matters, and for findings to be set forth accordingly by the trial court.

Based upon all of the foregoing, the judgment of the common pleas court denying the motion to vacate the prior judgment herein is hereby reversed, and this matter is remanded to such court for further proceedings in accordance with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.