In this appeal, the issues are whether an attorney's failure to appear at trial is inexcusable neglect and whether the defendant's defense is meritorious when he claims that he refunded a paid premium to a prospective insured after the insured failed to meet certain conditions precedent to insurability.
Here, plaintiff-appellant Dave Rowe argues defendant-appellee Walter Johnson has to show more than abandonment by his attorney before the inexcusable neglect doctrine can apply. Johnson, however, argues that the facts and circumstances of his case are precisely what the court in Whitt v. Bennett (1992), 82 Ohio App.3d 792
contemplated when it defined inexcusable neglect. Consequently, Johnson argues inexcusable neglect is an "other factor" under Civ.R. 60 (B) (5), and with his defense of Rowes lack of insurability, he has sustained the three prong test underGTE Automatic Elec., Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146. We agree with Johnson and affirm the trial courts decision.
Because the following assigned errors raise the underlying issues set forth earlier, they will be discussed together:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED RELIEF FROM THE JUDGMENT RENDERED AGAINST WALTER JOHNSON PURSUANT TO OHIO CIVIL RULE 60 (B).
 II. THE TRIAL COURT ERRED WHEN IT ALLOWED FOR OHIO CIVIL RULE 60 (B) (5) TO BE USED AS A SUBSTITUTE FOR OHIO CIVIL RULE 60 (B) (1).
 III. THE TRIAL COURT ERRED WHEN IT GRANTED RELIEF FROM THE VALID AND BINDING JUDGMENT RENDERED AGAINST WALTER JOHNSON AFTER A TRIAL ON THE MERITS.
The apposite facts follow.
On December 8, 1997, Johnsons present attorney filed a Civ.R. 60 (B) (5) motion for relief from the trial courts previous judgment in Rowe's favor. The next day the trial court held a hearing on Johnson's motion.
At the hearing, Johnson's lawyer argued that Johnson's previous lawyer, Ishmael Childs, had abandoned Johnson's defense by failing to appear on the date scheduled for trial. Johnson implied but did not specifically state that he was not informed of the trial date. He further stated that he had refunded Rowe's premium for fire insurance, which Rowe had given to insure a house at 3313 West 130th Street, Cleveland, Ohio. The refund occurred because Johnson learned that the property was vacant, boarded, and littered with rubbish. Johnson had requested that Rowe attend to these matters or the fire insurance would lapse. When Rowe failed to comply, Johnson returned the one paid premium and the policy lapsed.
Rowe's lawyer argued that Johnson's claims did not meet the requirements of a Civ.R. 60 (B) (5) motion. In substance, he argued in order for a movant to receive relief under this section of the rule the circumstances must be extraordinary. In addition, Rowe's lawyer asked to brief the issues. The trial court agreed.
Rowe filed his brief and urged the court to recall that the June 30, 1997 trial date had been scheduled for some time. Johnson responded with a second affidavit attached to his reply. He averred that he wrote homeowners insurance through Metropolitan and that Metropolitan authorized him to do so. Johnson stated he met with Rowe who had requested insurance on his property. Johnson viewed the property and at the time the property was boarded and filled with rubbish. He informed Rowe that the terms of the policy required that a photograph of the property be sent to Metropolitan. He urged Rowe to clean up the property or the insurance would be canceled.
After several phone conversations, Rowe failed to inform Johnson that the property was ready to be photographed. Johnson denied that the insurance was in effect. Johnson said he learned Rowe had acquired other insurance. Johnson averred he refunded Rowe's initial premium deposit. Johnson later learned that on March 7, 1996 the property was totally destroyed by fire. Johnson did not deny the declaration of insurance that he wrote; however, he claimed the insurance ended for failure to meet certain conditions.
The trial court had before it the evidence presented by Rowe at the June 30, 1997 trial, wherein Rowe presented a declaration of insurance with Metropolitan as the underwriter. Additionally, the term of the policy as shown on the declarations page included the date of the fire. Rowe argued that he had paid Johnson a premium, and he had later learned that Johnson was not authorized to write insurance for Metropolitan.
Before the trial court made its decision on Johnson's Civ.R. 60 (B) (5) motion, it had Rowe's evidence, heard Johnson's motion, Johnson's affidavits, and the briefs from both sides. Subsequently, the trial court granted Johnson's motion and set the matter for trial. This appeal followed.
Before we discuss the underlying issue in the case, we must note that in Rowe's brief he indicates that from appearances in the record it is likely that Johnson knew the court date and Johnson should have appeared for trial regardless of his lawyer's failure. We note that Johnson never stated in his affidavits that he did not know the court date. Johnson's attorney explains that Johnson overheard a discussion at one of the pretrials that led Johnson to believe that the case would probably be dismissed. His explanation leaves us to conclude that he had some justification for not appearing at the trial and not being alarmed by his lack of contact with Ishmael Childs after April.
Rowe points out that the trial judge issued a schedule that included the trial date of June 30, 1997, and since Ishmael Childs did not appear in the case until January 1997, one could infer that Johnson knew the trial date. Contrary to Rowe's argument, the record shows that defendant was, in fact, represented by counsel at the time notice of the scheduled trial was mailed in this case. Defendant's attorney filed a signed motion for leave to plead on November 20, 1996. This is sufficient to constitute an entry of appearance under Com. P. Loc. R. 10 (A). The order scheduling the matter for trial was not entered until November 26, 1996. Notice of the scheduled trial date would have been sent to defendant's attorney.
Regardless of whether Johnson knew or did not know the court date, he did have representation on the day of the trial. He engaged an attorney who answered Rowe's complaint, appeared at Johnson's deposition, responded to document production request and from all appearance up until a month before the trial appeared to represent Johnson. The questions for us are whether Johnson's attorneys failure to appear and defend him at the trial is inexcusable neglect warranting relief from judgment under Civ.R. 60 (B) (5), whether Johnson's defense is a meritorious one, and whether Johnson's motion fit the Civ.R. 60 (B) timeliness requirement. We respond to these questions in Johnson's favor.
Our standard of review is guided by the premise that the granting of a Civ.R. 60 (B) motion rests in the sound discretion of the trial court. See Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9;Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. Consequently, the trial courts granting of a Civ.R. 60 (B) motion will not be disturbed by this court unless we conclude the trial court has abused its discretion. Id. An abuse of discretion exists when the trial courts granting of a Civ.R. 60 (B) motion is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. The Supreme Court of Ohio has held that, to constitute a reversible abuse of discretion, the trial court's ruling:
 [M]ust be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
The granting of a Civ.R. 60 (B) motion is unreasonable when either of the following has not been satisfied and the trial court has ignored that fact: (1) a meritorious defense; (2) a ground under any one of Civ.R. 60 (B) (1) through (5); and (3) timeliness. GTE Automatic Electric, Inc. v. ARC Industries, supra
at 146, paragraph two of the syllabus. Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348.
Rowe argues Civ.R. 60 (B) (5) cannot be used as a substitute for any of the specific excusable grounds for relief under Civ. R. 60 (B). We agree. However, an attorney's failure to appear and represent his client is not an excusable neglect ground under Civ.R. 60 (B). Whitt at 797. Consequently, we must look to whether the neglect is inexcusable. Inexcusable neglect is an "other" factor under Civ.R. 60 (B) (5)and is a grounds for relief. In this case, Ishmael Childs behavior certainly is not excusable. It is inexcusable. Id.
Nevertheless, Rowe argues this case does not fit the narrow facts and circumstances of Whitt. In Whitt, the attorney's conduct defied a court order to comply with discovery of materials the lawyer held in his position. Rowe argues this is an extreme exception to GTE, which historically held that an attorney's negligence is imputed to his client. We understand Rowe's argument but do not agree that Whitt is not broad enough to resolve the facts of this case.
The Whitt court pointed out that Civ.R. 60 (B) (1) matters are generally simple lapses and technical failures. However, when an attorney fails to appear at a scheduled court hearing, this is extraordinary in nature and falls within the purview of Civ.R. 60 (B) (5). Id. See also Cerny Norfolk W. Ry. Co. (1995),104 Ohio App.3d 482, 493. It is the attorney's substantive failure that is at issue here not a technical one. We note that the attorney was 82 years of age and, although defendant's replacement counsel did not find a death notice, they were unable to locate the attorney before the first 60 (B) hearing.
Here, Johnson's lawyer failed to appear at the scheduled trial. Johnson claims his lawyer had all of his documents for trial. Neither Johnson nor his attorney appeared. The trial court after hearing from Rowe awarded him a $59,000 judgment, plus 10% prejudgment interest. We believe on these facts the lawyer's failure to appear is more than a matter of simple lapses and technical failures. His failure to appear and defend Johnson was substantial. In cases like this one, we believe the best course of conduct is to let the trial commence; especially where Johnson claims he can prove that he refunded Rowe's premium and Rowe failed to meet the conditions precedent to insurability.
Additionally, we are reminded that this case is a matter of discretion. The trial court obviously saw something in the trial on June 30, 1997, the December 9, 1997, and January 16, 1998 hearings that led it to reverse itself. We should defer to the trial court's discretion unless it is proven to be unreasonable. In our view, a trial to flush out the truth is not unreasonable. Besides, Whitt recognized that the sufficiency of the Civ.R. 60 (B) grounds is the trial court's province, not ours. Id. Our role as to the 60 (B) (5) element is to determine if the legal ground of inexcusable neglect has been made.
Finally, Whitt recognized and we agree that GTE is narrow to the Civ.R. 60 (B) (1) requirement. The court stated:
 We further conclude that the trial court erred in holding that the conduct of an attorney must be imputed to his client for purposes of Civ.R. 60 (B). That requirement has been made concerning Civ.R. 60 (B)(1). GTE Automatic Elec. v. ARC Industries, supra; Argo Plastic Prod. Co. v. Cleveland, [(1984), 15 Ohio St.3d 389. ] The grounds contemplated in that rule are ordinary in nature. The requirement has not been extended to the extraordinary circumstances contemplated in Civ.R. 60 (B) (5). Upon a review of the facts and circumstances the court may find that the client is responsible for some measure of the failures concerned. However, fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled.
Whitt at 797-798.
Additionally, Rowe argues that Johnson does not have a meritorious defense. We disagree. Johnson states that he issued a declaration of insurance and received a premium from Rowe. However, he required Rowe to meet certain conditions before insurability. He claims he spoke with and met Rowe many times. When he first saw the house, it was boarded, vacant, and littered with rubbish. He required Rowe to clean up the rubbish and take photographs. He states Rowe followed none of his requests, and he returned the paid premium and canceled the policy.
A defense is meritorious if it is not a sham and when, if true, it states a defense in part or in whole to the cause of action set forth. Brenner v. Shore (1973), 34 Ohio App.2d 209, 215. The movant need not establish that his defense will ultimately be successful. Morgan Adhesives Co. v. Sonicor Instrument Corp.
(1995), 107 Ohio App.3d 327, 334.
Here, our concern is whether the defense is reasonable, not whether Johnson can win. Consequently, based on these facts, we believe his defense is meritorious under GTE.
We are not persuaded by the dissent's argument that defendant's affidavit was "convincingly outweighed" by other evidence in the record. The movant's burden when seeking relief from judgment is simply to produce evidence to support its defense, not to prevail on the defense. Moreover, the trial judge who heard the evidence, both at the ex parte trial and on the Civ.R. 60 (B) motion,[1] had a superior opportunity to determine the weight and credibility of this information. We should not substitute our judgment for that of the trial judge who heard all the evidence and determined that it warranted relief from judgment.
Finally, Rowe does not allege that Johnson's motion for relief was not timely. In fact, Rowe filed his motion on December 8, 1997, five months after the June 30, 1997 trial, which resulted in Rowe's judgment. Pursuant to Civ.R. 60 (B), this time frame is more than reasonable.
Accordingly, this court concludes that Johnson satisfied the three prongs of GTE as well as the inexcusable neglect standard of Whitt.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, J., CONCURS.
KENNETH A. ROCCO, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION)
 __________________________ PATRICIA ANN BLACKMON ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the courts decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct. Prac. R. II, Section 2 (A) (1).
[1] The trial court conducted a second hearing on the 60 (B) motion of January 6, 1998, but the record contains no transcript of this hearing.
DISSENTING OPINION