OPINION
{¶ 1} Defendant-appellant Julia Perry appeals the decision of the Mahoning County Common Pleas Court, which denied her motion for Civ.R. 60(B)(1) relief from the default judgment that had been granted in favor of plaintiff-appellee Fifth Third Bank. The main issue on appeal is whether appellant set forth sufficient operative facts showing excusable neglect so that the court should have granted her motion for relief from judgment, or should have at least held a hearing on her motion. For the following reasons, the judgment of the trial court is reversed and this case is remanded with orders that the trial court vacate the default judgment.
 STATEMENT OF THE CASE {¶ 2} On October 16, 1996, Ms. Perry signed a note evidencing a $7,855 loan from Fifth Third Bank. The note shows that the proceeds were paid directly from the bank to Affordable Home Improvement Specialists, Inc. Oddly, Ms. Perry did not sign a mortgage to secure the note until April 3, 1997.
 {¶ 3} On December 26, 2000, the bank filed a complaint in foreclosure against Ms. Perry alleging that she went into default the month before. The bank also listed the county treasurer as a party due to property tax debt, which the treasurer's answer alleged was $7,830.39.
 {¶ 4} On July 16, 2001, the bank and the treasurer filed a joint motion for default judgment as Ms. Perry did not respond to the complaint. On August 22, 2001, the court granted default judgment and issued a foreclosure decree. Ms. Perry filed for bankruptcy on November 26, 2001, and thus, the foreclosure sale proceedings were stayed.
 {¶ 5} On January 25, 2002, Ms. Perry filed a Civ.R. 60(B)(1) motion for relief from default judgment on grounds of inadvertence and/or excusable neglect. She also filed a motion to file an answer instanter. Her motion alleged that she has poor vision, memory deficits, and reading comprehension problems. She stated that she was born in 1923 and has an eleventh grade education. She then urged that she did not understand the significance of the papers from the court and did not know that she risked losing her home if she failed to respond. It was not until her daughter read the foreclosure sale notice that she became aware that her house was being taken.
 {¶ 6} Along this line, she claimed that when she signed the note in order to have home repairs done, she did not know it was secured by her house. She produced her copy of the note, which seems to establish that the note attached to the complaint was altered to add her property as security after her signature was procured. She then claimed that she was fraudulently induced to sign the mortgage five and one-half months after she signed the note as she was told it was merely paperwork needed to complete the unfinished or improperly performed repairs. She also alleged a lack of new consideration for the mortgage.
 {¶ 7} On May 14, 2003, the trial court overruled the motion for relief from judgment. Ms. Perry filed timely notice of appeal.
 ASSIGNMENTS OF ERROR {¶ 8} Appellant sets forth the following two assignments of error:
 {¶ 9} "The trial court erred and abused its discretion by overruling appellant's motion for relief from judgment without first holding an evidentiary hearing."
 {¶ 10} "The trial court erred and abused its discretion by refusing to grant appellant's motion for relief from judgment pursuant to rule 60(b)."
 {¶ 11} Pursuant to Civ.R. 55(B), the trial court may set aside a default judgment in accordance with Civ.R. 60(B). A court may relieve a party from final judgment under Civ.R. 60(B) for five reasons, the first of which is mistake, inadvertence, surprise, or excusable neglect. To prevail on a 60(B) motion, the movant must demonstrate that: (1) he has a meritorious defense (or claim) to present if relief is granted; (2) he is entitled to relief under one of the five divisions of Civ.R. 60(B); and (3) the motion was made within a reasonable time, not to exceed one year in the case of Civ.R. 60(B)(1), (2) or (3). GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,150-151.
 {¶ 12} Generally, courts prefer suits to be concluded on their merits and thus characterize Civ.R. 60(B) as a remedial rule. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79,514 N.E.2d 1122. Simultaneously, however, courts must not let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits. Id. Our standard of review requires that we evaluate whether the trial court abused its discretion in overruling the 60(B) motion to vacate and/or whether the court was required to hold a hearing on the matter before denying the motion. See Id.
 {¶ 13} As aforementioned, a motion under Civ.R. 60(B)(1) must be filed within a reasonable time, which cannot exceed one year. Here, the motion for relief from judgment was filed five months after default was entered. In its response to Ms. Perry's motion for relief in the trial court and in its brief on appeal, the bank does not dispute the timeliness of the motion. Thus, we move to the next GTE factor.
 {¶ 14} In alleging a meritorious defense, a movant must allege a specific defense that would defeat the plaintiff's claims if proved. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564. A general conclusory allegation is insufficient to meet the burden. Id. However, the movant need not prove he will prevail on the defense. Id. Clearly, Ms. Perry states a meritorious defense to the foreclosure judgment as it relies on a mortgage she claims was fraudulently induced by the bank's agent who presented it and explained it to her. She also claims the mortgage was granted without any new consideration. Additionally, any security interest listed in the note is alleged to have been added after her signature was obtained. Regardless, in its response to Ms. Perry's motion in the trial court and in its brief on appeal, the bank does not argue that Ms. Perry failed to set forth a meritorious defense.
 {¶ 15} Hence, we move to the final GTE factor. Ms. Perry must set forth operative facts establishing entitlement to relief under Civ.R. 60(B)(1) through (5). Her motion alleges that her failure to file an answer was the result of excusable neglect under Civ.R. 60(B)(1). As the Supreme Court has stated, the concept of excusable neglect is an elusive one that is difficult to apply and define. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20. Thus, the Court vaguely defines it in the negative by saying that neglect is not excusable if it represents complete disregard for the judicial system. Id. The reviewing court must take into consideration all surrounding facts and circumstances in determining whether an instance of neglect is excusable.
 {¶ 16} As aforementioned, Civ.R. 60(B) is a remedial rule used to facilitate the premise that cases should be resolved on their merits where possible. See, e.g., Kay,76 Ohio St.3d at 20-21. There is no bright-line test for determining whether neglect is excusable or inexcusable. The Supreme Court has advised, albeit cautiously, that where a meritorious defense is presented in a timely manner, any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits. GTE,47 Ohio St.2d at 151, 35. This can be interpreted as meaning: the more merit to the defense, the more neglect that will be permitted. It could also be interpreted as meaning: if the court has a hard time deciding whether the neglect is excusable, the court should grant relief and thus err on the side of allowing a case to be heard on its merits.
 {¶ 17} The court can summarily deny a motion for relief from judgment where the motion does not set forth sufficient operative facts which would warrant relief. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151. However, if the motion and attached evidentiary materials set forth operative facts, which if believed, would support relief from judgment, then the trial court cannot refuse to hold a hearing and summarily deny the motion as occurred in this case. See WFMJ Television, Inc.v. ATT Federal Syst. CSC, 7th Dist. No. 01 CA 69, 2002-Ohio-3013.
 {¶ 18} The bank claims Ms. Perry failed to set forth sufficient operative facts to warrant a hearing. They note that she does not deny receiving the complaint and that she merely alleges she did not understand. The bank does not dispute her claims of poor memory and vision and reading comprehension difficulties. The bank urges that courts should not use Civ.R. 60(B) merely because a pro se litigant was ignorant of the law, careless, and failed to seek prompt legal advice regarding a complaint. See, e.g., LaSalle Natl. Bank v. Mesas, 9th Dist. No. 02CA8028, 2002-Ohio-6117; Globe Am. Cas. v. Lindsay (Sept. 28, 2001), 10th Dist. No. 01AP-176; Lebanon Auto Parts v.Dracakis (Apr. 17, 2000), 12th Dist. No. CA99-09-110.
 {¶ 19} However, the facts of this case are different than those cases where a careless lay person fails to respond. Here, we have allegations of physical problems and mental deficits, which prevented understanding of the action. We also have multiple irregularities surrounding the note and mortgage. Finally, there are cases which affirmatively embrace the aforementioned facts as the "excusable neglect" contemplated by the Civil Rules.
 {¶ 20} We note the case of Brenner v. Shore (1973),34 Ohio App.2d 209, in which the movant alleged in an affidavit that he failed to answer the complaint because he suffered a physical and emotional collapse. The Tenth Appellate District found this to be a sufficient allegation of excusable neglect to require a hearing by the trial court. Id. at 216 (reversing and remanding for a hearing).
 {¶ 21} In yet another case, the Tenth District was faced with a movant's affidavit claiming that he suffered a serious illness during the time between the answer date and the date he filed for relief. Farrell v. Gray (Mar. 27, 1990), 10th Dist. No. 89AP-1062. The movant also attached a letter from his doctor detailing the illness and stating that it could temporarily but seriously impair mental abilities. The appellate court concluded that the trial court abused its discretion in overruling the motion to vacate default judgment. Id. See, also, Van Gastle v.Bruce (Apr. 25, 1989), 10th Dist. No. 88AP-751 (affirming the trial court's grant of relief from judgment where the movant stated that due to a mental disorder, she remembered signing for the summons but had no recollection of what she did with it);Konopka v. Kirk (Nov, 25, 1981), 8th Dist. No. 43214 (reversing the trial court's denial of relief where the movant alleged a mental illness caused him to misplace the complaint).
 {¶ 22} Similarly, the First Appellate District decided a case where the movant's affidavit alleged that a previous stroke resulted in memory problems causing him to forget receiving the complaint. Childs v. Keeley (Jan. 23, 1991), 1st Dist. No. C-890468. A physician's affidavit was also attached to support his claim. The appellate court affirmed the trial court's grant of the relief from judgment stating that it was the trial court's duty to determine the credibility of the claims. Id. The court noted that the movant stated operative facts which would constitute excusable neglect if believed. Id.
 {¶ 23} Ms. Perry did not merely allege that she is elderly and on medications as was the case in Cent. Mut. Ins. Co. v.Frasher (Mar. 1, 1996), 5th Dist. No. 95CA75. She stated that not only is she in her seventies and on medication for severe arthritis and high blood pressure, but she also has various ailments, which if believed constitute excusable neglect in failing to seek legal advice or file an answer. A physician's affidavit, as existed in Childs and Farrell, is not necessary. Rather, it is an item which can help bolster the movant's credibility.
 {¶ 24} Ms. Perry's affidavit contained sufficient operative facts, which if believed, could support her claim of excusable neglect. For instance, if one believes that her vision really was so poor that she could not clearly read the complaint and her memory so faulty that she forgot she received paperwork from the court and her reading comprehension so lacking that she could not understand the documents anyway, then the default judgment against Ms. Perry could be vacated due to excusable neglect.
 {¶ 25} The need for vacation of the judgment is especially compelling in light of the document alteration allegations. That is, her personal knowledge of the agreement would not have assisted her in knowing that her home was at risk where she could not clearly see, remember, and/or comprehend that the court papers spoke of taking her home. Before the trial court could even think of denying Ms. Perry's motion, it would have had to determine at a hearing that her claims were not credible.
 {¶ 26} Moreover, although Ms. Perry's motion did not specify such entitlement to relief, her allegations could constitute sufficient operative facts to establish a possible fraud. SeeCoulson v. Coulson (1983), 5 Ohio St.3d 12, 15 (explaining fraud upon the court as that done in connection with presentation of the case to the court). Notably, the bank attached a note to their complaint and relied on this in seeking default judgment. This note has Ms. Perry's address filled in on the line for security interest. (We note that this address is obviously written in different handwriting than the rest of the note). However, in Ms. Perry's copy of the note, this same security interest line is blank. If the bank or its agent added this security interest after her signature was obtained and after she was given her copy and then attached it to their complaint and sought default judgment in foreclosure based upon this altered note, then a fraud upon the court may have been perpetrated. Relief from judgment then can be based not only upon excusable neglect but also upon fraud as permitted by Civ.R. 60(B).
 {¶ 27} Although the Supreme Court has stated that a courtshould hold a hearing to verify the facts before granting a motion, it has also stated that it would not further the interests of justice to require a hearing where the motion sufficiently alleged a valid Civ.R. 60(B) claim. See Doddridgev. Fitzpatrick (1978), 53 Ohio St.2d 9, 14; Seidner at 151,citing Kay at 19. In Kay, the Supreme Court granted relief without remanding for a hearing where the trial court had previously denied relief without a hearing.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded with orders for the trial court to vacate the default judgment and reinstate this lawsuit.
Waite, P.J., and Donofrio, J., concur.