OPINION *Page 2 
{¶ 1} Defendant-appellant Betty Sekula appeals the decisions of the East Liverpool Municipal Court entered in favor of plaintiff-appellee Kathryn Frampton. The issues are whether the court should have granted appellant a continuance rather than proceeding to hear evidence in her absence and whether the court should have granted appellant's motion to vacate the judgment entered against her. For the following reasons, the trial court's judgments are vacated and this case is remanded.
 STATEMENT OF THE CASE {¶ 2} On September 27, 2006, appellee Kathryn Frampton signed a small claims complaint against appellant Betty Sekula and her son Mike Sekula. (Mr. Sekula is not a party to the appeal.) Appellee alleged that the Sekulas owed her rent for the months of March through July and two weeks in August at a rate of $700 per month. Apparently since this totaled more than the small claims jurisdictional amount set forth in R.C.1925.02(A)(1), appellee stated that she was willing to accept $3,000.[1]
 {¶ 3} The complaint was set for trial to be held at 1:45 p.m. on November 17, 2006. At 10:33 a.m. on the morning of trial, appellant Betty Sekula, through counsel, faxed a motion for a continuance to the clerk who accepted the transmission for filing. (Another copy was faxed at 10:58 a.m. with a caption noting that the clerk had requested this additional copy.)
 {¶ 4} In the motion, counsel disclosed that he had just been engaged to represent appellant and that due to prior commitments, he would be unable to attend the scheduled trial. Regardless, the motion advised that appellant was extremely ill with severe lung problems and that she could not attend court on the scheduled date due to her illness. The motion continued that appellant had a meritorious defense to present because she never made a contract with appellee and was merely a check signer for her son's business. Counsel concluded by seeking a continuance to permit appellant to recover from her illness. *Page 3 
 {¶ 5} The court ("Acting Judge" Rogers throughout) filed an entry on November 17, 2006, denying the motion for a continuance "for good cause shown." A form entry with blanks checked was also filed that day. This entry announced that the case came on for hearing, but the defendants failed to appear. The entry stated that the plaintiff presented evidence and that "default judgment" was granted for the plaintiff in the amount of $3,000 plus costs with 6% interest from November 17, 2006. Joint and several liability was imposed on the defendants.
 {¶ 6} On December 13, 2006, appellant filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). The motion stated that appellant suffers from COPD and has only 35% capacity in one lung. On the morning of trial, appellant retained counsel because she was having extreme difficulty breathing, was unable to function properly and was thus prevented from attending the hearing. Counsel revealed that he spoke to a clerk at 9:45 a.m. on the morning of trial and was told that the motion for a continuance could be faxed, which he then did.
 {¶ 7} The motion for relief from judgment continued that appellant had a meritorious defense to present because her son was the tenant, not her. She stated that she did not own the business but merely acted as a part-time gratuitous bookkeeper. She further advised that she had no written or oral rental agreements with appellee and knows of no other basis for which a complaint could be brought against her. Appellant attached an affidavit verifying the statements in her motion for relief from judgment.
 {¶ 8} On December 15, 2006, the court denied appellant's motion for relief from judgment "for good cause shown," although no opposition had been filed at that time. Appellant filed notice of appeal from both the November 17, 2006 and the December 15, 2006 judgments on December 21, 2006.
 {¶ 9} Appellee has repeatedly asked us to dismiss the appeal based on her belief that the appeal is untimely from the November 17, 2006 judgment and that the December 15, 2006 cannot be appealed because it is based upon a judgment that was not appealed. As to the latter argument, appeals from motions to vacate are not dismissed merely because the original judgment was not appealed. This is especially true in default judgment cases. *Page 4 
 {¶ 10} As to both arguments, appellant urged that although the current version of the November 17, 2006 entry in the file contains "cc" to the parties, the clerk failed to note service on the docket and thus it is unknown if the parties were served within three days or at all. Notably, appellant's counsel submitted an entry to this court that he obtained from the clerk's office that did not contain any "cc" notation, which counsel deduces must have been added later. In fact, this notation was written in a different color ink than the remainder of the court's entry.
 {¶ 11} In any event, this court previously concluded that we would be construing the appeal from the original judgment as timely. In our initial entry, we explained that the clerk failed to show service in the docket as required by Civ.R. 58(B). We confirmed this holding in two subsequent judgment entries.
 {¶ 12} Upon appellant's request for a statement of the evidence, the trial court filed a judgment entry on January 18, 2007, which contained no statement of what evidence on the merits was presented at the November 17, 2006 unrecorded trial. Rather, the court outlined various reasons for its denial of the continuance including conversations with clerks and what appellant construes as ex parte communications with appellee.
 {¶ 13} For instance, the court revealed that at the time appellee filed her complaint, appellee "informed the Court" that both defendants were listed on the bank account from which the rent was drawn and that appellant contacted appellee regarding payment of the entire amount due for back rent. Furthermore, on the day of trial, "the Court received" a telephone call from appellee claiming that Mike Sekula told her that neither he nor his mother (appellant) would be in court due to appellant's heart condition.
 {¶ 14} The court's entry also stated that appellant had previously called and told a deputy clerk that she did not own the business for which the rent was due and was thus not responsible for paying. The court then wrote that the clerk warned appellant that she must appear at the trial and explain this to the judge.
 {¶ 15} Finally, the court's entry explained that appellant's attorney called and requested a continuance due to appellant's severe heart problems and illness. The court found that a deputy clerk informed counsel that there were no later open dates *Page 5 
due to the holidays, that it was unacceptable to request a continuance on the day of the hearing without medical documentation and that the continuance must be presented in writing.
 {¶ 16} The court even specifically disclosed, "Both Civil Deputy Clerks discussed the above with the Acting Judge and upon the receipt of Attorney Kish's Motion for Continuance, it was denied due to short notice, lack of medical documentation and conflicting stories among the Defendants and the attorney as the motion stated severe lung problems and not the heart condition that was previously stated."
 {¶ 17} As for the actual hearing, which is the purpose for the statement of the evidence under App.R. 9(C), the court merely stated, "Upon the evidence presented by Plaintiff Frampton, a default judgment was granted * * *. The court did not record this hearing due to lack of representation by the Defendants."
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 18} Appellant's first assignment of error alleges:
 {¶ 19} "THE EAST LIVERPOOL MUNICIPAL COURT ABUSED ITS DISCRETION IN NOT GRANTING A CONTINUANCE UNDER THE CIRCUMSTANCES."
 {¶ 20} The decision whether to grant a continuance is within the trial court's sound discretion. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9, citing State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535. See, also, Civ.R. 41(A) (continuance of trial date within sound discretion of trial court for good cause shown). It has been stated that a party has the right to have a reasonable opportunity to be present at trial and a right to a continuance for that purpose. Hartt, 67 Ohio St.3d at 9, citing McCabe, 140 Ohio St. 535. On the other hand, one does not have a right to unreasonably delay the trial. Id.
 {¶ 21} To constitute a sufficient ground for a continuance because of the absence of a party, it must appear that: the party's absence is unavoidable, rather than voluntary; the party's presence at trial is necessary and the party is a competent and material witness (such as when the defendant's alleged actions are the basis for the suit); the continuance is made in good faith; and, the party will probably be able to *Page 6 
attend court at some reasonable future time. McCabe,140 Ohio St. at 538, citing 17 Corpus Juris Secundum, Continuances, p. 210, § 27.
 {¶ 22} Appellant urges that the trial court through its acting judge established in its January 17, 2007 judgment entry that it abused its discretion by denying the continuance based upon improper considerations. First, appellant disputes that the deputy clerk informed counsel of some absolute need for medical documentation in order to request a continuance. Regardless, a clerk's statement does not constitute rule or law. Medical documentation is not an absolute necessity in such short notice circumstances. See Fifth Third Bank v.Perry, 7th Dist. No. 03MA100, 2004-Ohio-1543, ¶ 23 (physician's affidavit is not necessary to show excusable neglect for defaulting).
 {¶ 23} Second, appellant contests the court's seemingly ex parte communications with appellee. See Code of Judicial Conduct, Cannon 3(B) (judge shall not initiate, receive, permit or consider communications outside the presence of parties or their representative on a pending or impending matter). That is, twice the court stated that appellee informed "the court" about certain matters, as distinguished from two other times the court stated that a party informed "the clerk." The disputed portions of the court's entry do seem to read as if the judge herself spoke to appellee. However, the entry later used this "court" language when relating that appellant's counsel called to seek a continuance even though it is clear that counsel spoke to a clerk. Thus, it is possible that the court's phrasing in its entry as to what appellee informed "the court" was actually made to a clerk.
 {¶ 24} In any event, as appellant protests, the court should not use statements from clerks as the basis for its decision. The court judged credibility of parties through the clerks' opinions and information relayed and thus also necessarily judged the clerks' credibility. A clerk's recall is not infallible, and a clerk is not "the court." Communications to clerks are outside the record and outside the presence of the parties. Thus, their substantive stories were impermissibly considered.
 {¶ 25} Additionally, the clerks were mostly relating hearsay from a party which may or may not be true or accurate. Thus, for the court to deny a continuance based in part upon a perceived discrepancy between the defendant's medical condition as *Page 7 
stated in the motion and the defendant's medical condition as related by the defendant's son to the plaintiff and then by the plaintiff to a clerk appears to be an abuse of discretion.
 {¶ 26} In deciding whether to grant the continuance, the court even appeared to consider the merits of appellee's complaint, as it spoke of being informed of certain factual background at the time the complaint was filed. To dispel any notions that the court obtained these allegations from the record, the factual background mentioned by the court is nowhere to be found in the complaint.
 {¶ 27} Finally, this is a small claims matter where no prior continuances had been requested. The plaintiff had no counsel whose schedule would be inconvenienced. Moreover, the court did not originally appear too concerned with dates as it had already set the trial for a date outside the statutory period. R.C. 1925.04(B) (small claims court must set trial for date that is between fifteen and forty days after complaint is filed).
 {¶ 28} Although denial of a continuance is a matter for the trial court's sound discretion, where these facts exist and where the court acknowledges that it based its decision on a myriad of improper sources, such decision was unreasonable and unconscionable. The court's judgment must be vacated on this basis and on the ground resolved in the next assignment of error dealing with the motion for relief from the judgment.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 29} Appellant's second assignment of error provides:
 {¶ 30} "THE SMALL CLAIMS DIVISION OF THE MUNICIPAL COURT OF EAST LIVERPOOL ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO VACATE THE DEFAULT JUDGMENT."
 {¶ 31} A small claims plaintiff can be granted judgment by default if the defendant fails to appear. R.C. 1925.05(A). The Civil Rules do not apply to small claims court to the extent they are clearly inapplicable. Civ.R. 1(A), (C)(4). See, also, R.C. 1925.16 (rules applicable except as inconsistent with procedure in chapter 1925). To this end, chapter 1925 provides that judgments of the small claims court can be vacated in the same manner as other civil actions. R.C. 1925.14. *Page 8 
 {¶ 32} The vehicle for seeking relief from judgment is Civ.R. 60(B). To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) he has a meritorious defense (or claim) to present if relief is granted; (2) he is entitled to relief under one of the five divisions of Civ.R. 60(B); and (3) the motion was made within a reasonable time, not to exceed one year in the case of Civ.R. 60(B)(1), (2) or (3). GTEAutomatic Elec, Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,150-151. The rule is a remedial one used to facilitate the premise that cases should be resolved on their merits wherever possible. See, e.g.,Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20-21.
 {¶ 33} Here, appellant's motion for relief from judgment was filed in an indisputably timely manner, within a month of the judgment. Appellant also established that she has a meritorious defense to present if relief is granted. Specifically, she verified that she is not the tenant. Rather, the tenant who owes appellee back rent is her son (the co-defendant who did not appeal). She disclosed that she is not an owner of the business but merely does her son a favor by acting as his part-time bookkeeper. She also swore that there is no written or oral rental agreement binding her to pay rent. These are sufficient operative facts that a merit defense may exist. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20 (movant need not prove she will prevail).
 {¶ 34} This leaves us with entitlement to relief under one of the following five divisions: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 35} As counsel notes, presumably to argue excusable neglect, he assumed that if his motion for a continuance was denied, the clerk was going to fax him the denial decision since the motion was filed on the day of trial. His faxed motion was *Page 9 
marked urgent and asked for a reply. However, the denial was sent by mail some days after the trial. Although it is not the clerk's duty to fax judgment entries to attorneys who make last minute motions, counsel's assumption is noted.
 {¶ 36} More to the crux of the matter, the motion to vacate advised that appellant has had COPD for many years, that she has 35% capacity in one lung and that she had difficulty breathing on the morning of trial. It was alleged that she could not function properly and thus was prevented from attending by her illness.
 {¶ 37} In cases where no continuances have been requested, physical illness and infirmity have been established as grounds for granting relief from a default judgment. See Fifth Third Bank v. Perry, 7th Dist. No. 03MA100, 2004-Ohio-1543, ¶ 24 (vacating default judgment where no answer was filed and no appearance was made due to excusable neglect from illness and infirmities). See, also, Childs v. Keeley (Jan. 23, 1991), 1st Dist. No. C-890468; Farrell v. Gray (Mar. 27, 1990), 10th Dist. No. 89AP-1062; Van Gastle v. Bruce (Apr. 25, 1989), 10th Dist. No. 88AP-751; Konopka v. Kirk (Nov, 25, 1981), 8th Dist. No. 43214;Brenner v. Shore (1973), 34 Ohio App.2d 209, 216.
 {¶ 38} Here, no answer was required as this was small claims court. Appellant's pre-existing illness is said to have flared up to a debilitating level on the morning of trial. Where a party attempts to obtain a continuance that morning, the grounds for later relief from default judgment are not diminished due to the failed attempt at a continuance; rather, the movant's credibility could be considered enhanced, or at least it remains static.
 {¶ 39} The fact that appellant did not obtain an attorney until the morning of trial is also not dispositive. This is small claims court where attorneys are unnecessary. Moreover, appellant was unaware that an attorney was necessary until she realized that she was too sick to travel from Youngstown to attend court in East Liverpool at which time she sought advice on how to obtain a delayed trial. Her testimony was essential to defend her case. Thus, her attorney's presence at trial, had he discovered that the continuance was denied, would not have assisted her position.
 {¶ 40} For all of the foregoing reasons, the trial court acted unreasonably and unconscionably and thus abused its discretion. The trial court not only denied a *Page 10 
continuance in a small claims matter based upon double hearsay obtained de hors the record, but the court then summarily denied a motion to vacate a default judgment where sufficient operative facts were alleged to support the motion. The trial court's judgments are hereby vacated and this matter is remanded for further proceedings.
Donofrio, J., Waite, J., concurs.
[1] Besides all the issues discussed below, we have noticed a peculiar procedural irregularity. Specifically, the docket begins by showing various filing fees and then provides evidence of the summons being served on the complaint. However, the actual filing of the complaint is not entered in the docket. Furthermore, the complaint itself is notfile-stamped. *Page 1