[Cite as *Deutsche Bank Natl. Trust Co. v. Myers*, 2014-Ohio-3962.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Deutsche Bank National Trust Co.,　　　　　Court of Appeals No. H-13-021
As Trustee for Equifirst Mortgage
Loan Trust　　　　　　　　　　　　　　　　Trial Court No. CVE 20120295

　　　　　Appellee

v.

Michael R. Myers, et al.　　　　　　　　　**DECISION AND JUDGMENT**

　　　　　Appellant　　　　　　　　　　　Decided:  September 12, 2014

* * * * *

Benjamin D. Carnahan and Thomas A. Barni, for appellee.

Brian K. Duncan and Bryan D. Thomas, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas which denied the motion of defendant-appellant, Michael R. Myers, to vacate the default judgment entered against him in this foreclosure action.  For the following reasons, we affirm.

**{¶ 2}** The facts of this case are as follows. On January 17, 2003, appellant and Geralyn S. Myers, his then wife, executed a promissory note in the amount of $125,000, payable to Equifirst Corporation. The note was secured by a mortgage on real property located in Norwalk, Ohio. On March 28, 2012, the note and mortgage were transferred to plaintiff-appellee, Deutsche Bank National Trust Company, As Trustee for Equifirst Mortgage Loan Trust 2003-2, Asset-Backed Certificates, Series 2003-2 ("Deutsche Bank").

**{¶ 3}** On April 3, 2012, appellee filed an action in foreclosure against appellant and Geralyn S. Myers. The complaint alleged that the defendants were in default on the note, that there was due the sum of $99,328.38 plus interest as of October 28, 2011, and that by reason of default in payment on the note and the mortgage securing the same, the debt was immediately due and payable. Appellee demanded judgment against defendants in the amount of $99,328.38, plus interest from October 28, 2011, that the mortgage be foreclosed and that the property be sold. Attached to the complaint and referenced therein were copies of the promissory note, mortgage and assignment of the mortgage to appellee. Subsequently, appellee filed with the court a complete copy of the promissory note with an allonge dated March 28, 2012, transferring the note from Equifirst to appellee.

**{¶ 4}** On April 16, 2012, appellant was served with a copy of the complaint and summons. He did not file an answer or otherwise appear in the proceedings below. Geralyn Myers did properly file an answer to the complaint.

2.

**{¶ 5}** On January 31, 2013, appellee filed a motion for default judgment against appellant pursuant to Civ.R. 55. Appellant did not respond, and on February 8, 2013, the lower court filed a judgment entry granting appellee a default judgment against appellant for the amount due on the promissory note, plus interest, and ordering the property sold. The property was scheduled to be sold at a sheriff's sale on April 29, 2013.

**{¶ 6}** On April 26, 2013, appellant filed a combined motion to vacate the February 8, 2013 judgment entry, motion for leave to respond or plead to the complaint, and motion to stay any and all post judgment proceedings, including the scheduled sheriff's sale. In support of his Civ.R. 60(B) motion, appellant asserted that he had meritorious claims and defenses that he would set out more thoroughly in his answer, which he would file if the court granted his motion for leave. He further asserted that he did not understand the consequences of failing to respond to the complaint, motion for default judgment, and other pleadings, and that he had been dealing with serious personal issues, including a divorce and temporary loss of employment. Appellant therefore claimed that he should be granted relief from judgment pursuant to Civ.R. 60(B)(1), in that his failure to respond was a result of mistake, inadvertence, surprise or excusable neglect, or that the court should grant him relief under Civ.R. 60(B)(5), the "catch-all" provision of the rule. Appellant supported his motion with his own affidavit in which he attested to the truth of the assertions made in the motion. He further set forth a list of potential claims and defenses and stated that he disputes:

3.

the amount allegedly due and owing under mortgage, whether Plaintiff violated the Real Estate Settlement Procedures Act and/or Fair Debt Collection Practices Act, allocation of payments, whether the mortgage was properly executed, whether Plaintiff is in fact a holder in due course and/or had standing to bring this action pursuant to Ohio law, and whether Plaintiff joined all necessary and proper parties to this action[.]

**{¶ 7}** In a judgment entry of July 19, 2013, the lower court denied appellant's motion. Appellant now challenges that judgment through the following assignment of error:

The trial court erred in denying appellant's combined motion to vacate the trial court's February 8, 2013 judgment entry, motion for leave to respond or plead to plaintiff's complaint, and motion for stay of any and all post-judgment proceedings.

**{¶ 8}** It is well-settled that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion implies that the court's attitude is unreasonable, unconscionable or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** Relevant to this appeal, Civ.R. 60(B) provides that a court may relieve a party from a final judgment upon a showing of: "(1) mistake, inadvertence, surprise or

4.

excusable neglect; * * * or (5) any other reason justifying relief from the judgment." In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 10} Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth in *GTE*. *Argo Plastic Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984). "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). "Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment * * * the movant may decide to submit evidentiary materials in support of its motion." *Kay, supra*, at 20.

5.

{¶ 11} Appellant's motion for relief from judgment was filed a little more than two months after the lower court granted the default judgment. Accordingly, timeliness of the motion is not at issue.

{¶ 12} In support of his assertion that he had a meritorious claim or defense to present if relief were to be granted, appellant stated, and again states before this court, that those claims and defenses will be set out more thoroughly in his answer. He then lists the same parade of claims and defenses set forth above which could be argued in any foreclosure action. In neither his affidavit nor his motion has appellant alleged operative facts which would constitute a meritorious claim or defense if found to be true. *See Fouts v. Weiss-Carson*, 77 Ohio App.3d 563, 565, 602 N.E.2d 1231 (11th Dist.1991).

{¶ 13} Assuming arguendo that appellant's listing of claims and defenses was adequate, we further find that appellant failed to demonstrate that he was entitled to relief under Civ.R. 60(B)(1) or (5). Appellant claims that because he was dealing with serious personal issues, a divorce and temporary loss of employment, and did not understand the consequences of his actions, his failure to file an answer or otherwise respond to the complaint was a result of mistake, inadvertence, surprise or excusable neglect. He further asserts that he would have filed a timely answer if he had known that the complaint was pending or understood the consequences of a failure to respond.

{¶ 14} In *Kay, supra*, at 20, the Supreme Court of Ohio recognized that the term "excusable neglect" is an "elusive concept." Nevertheless, the court determined that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete

6.

disregard for the judicial system.'" *Id.*, quoting *GTE Automatic Elec., supra*, at 153. In the present case, the record is clear that appellant was served with a copy of the complaint and summons on April 16, 2012. The summons clearly states that appellant was required to file his answer within 28 days after service of the summons. It then states: "If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint." Appellant's assertions that he would have answered had he known the complaint was pending or understood the consequences of his failure to file are without merit.

{¶ 15} Finally, "[i]gnorance of the law is not a valid justification for failure to defend an action, and non-attention to a legal matter because of a failure to understand its scope is no excuse." *Natl. City Bank v. Poling*, 10th Dist. Franklin No 04AP-711, 2005-Ohio-585, ¶ 13. We cannot find that appellant's allegation of personal problems amounts to excusable neglect without some further demonstration that those personal problems affected his ability to function in everyday life. *See Brenner v. Shore*, 34 Ohio App.2d 209, 297 N.E.2d 550 (10th Dist.1973) (court found excusable neglect where defendant had a complete physical and mental collapse requiring hospitalization at the time when he was required to respond); *Fifth Third Bank v. Perry*, 7th Dist. Mahoning No. 03 MA 100, 2004-Ohio-1543 (excusable neglect demonstrated where defendant was in her seventies and established she had poor vision, memory deficits, and reading comprehension difficulties). Specifically, appellant has not demonstrated that his personal problems prevented him from properly filing an answer or otherwise appearing in the proceeding

7.

below and, therefore, failed to establish his right to relief under Civ.R. 60(B)(1). *See Fouts, supra*, at 566.

{¶ 16} Appellant asserts that if we do not grant him relief under Civ.R. 60(B)(1), then relief is proper under Civ.R. 60(B)(5). Relief under Civ.R. 60(B)(5), however, is only to be granted where the grounds for relief are substantial and should not be "used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). Other than his allegation of personal problems, appellant has not demonstrated any other basis for relief.

{¶ 17} Accordingly, the lower court did not abuse its discretion in denying appellant's motion for relief from judgment. Given that conclusion, we need not address the lower court's denial of the remainder of appellant's motion. The sole assignment of error is not well-taken.

{¶ 18} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.